OPINION
{¶ 1} Appellant, Jonathan A. Call ("Call"), appeals the June 15, 2004 order of the Common Pleas Court of Marion County denying Call's motion to vacate or suspend payment of fines and/or costs. Although originally placed on our accelerated calendar, we have elected, pursuant to Local Rule 12(5), to issue a full opinion in lieu of a judgment entry.
 {¶ 2} On June 8, 2002, a fire was set at the home of Tim Elder and Lori Hummell in Marion, Ohio. Nine people were inside the residence sleeping when the fire was set shortly before 3:00 a.m. Although none of the residents were seriously injured by the fire, a dog in the residence was killed. As a result of the fire, the residence was rendered completely uninhabitable. On August 8, 2002, Call was indicted on two counts of aggravated arson in violation of R.C. 2909.02(A)(1) and (2), felonies of the first and second degree. Call's first trial ended on November 20, 2002 with the jury deadlocked regarding the aggravated arson charges. At the conclusion of Call's second trial on February 10, 2003, the jury found Call guilty of the two counts of aggravated arson. Call was sentenced to seven years imprisonment and ordered to pay restitution in the amount of $43,000.00 to ZC Sterling Insurance Agency. Call's conviction and sentence were affirmed by this Court on January 26, 2004. See State v. Call, Marion App. No. 9-03-21, 2004-Ohio-288.
 {¶ 3} On June 10, 2004, Call filed a motion to vacate payment of court costs, fines, mandatory fines, and/or restitution. The trial court denied this motion on June 15, 2004. It is from this order that Call now appeals asserting the following assignment of error in his pro se brief.
The Court erred in not Vacating the Defendant's Costs, Feesand Restitution, when the Defendant demonstrated that He has beenindigent throughout all Trial and Appeal proceedings, and hasalso demonstrated that at His sentencing hearing His ability topay was never determined, and the Trial Court imposed Restitutionto an Insurance Company and in doing so violated Ohio RevisedCode § 2929.18(A)(1).
 {¶ 4} In his sole assignment of error, Call argues that the trial court erred in ordering him to pay court costs, fees and restitution because Call was indigent at the time of sentencing. Call's motion to vacate court costs, fines and restitution was filed in the trial court sixteen months after Call's conviction, which is well beyond the time period to file a motion for direct appeal. In fact, Call did appeal his conviction to this Court raising three assignments of error. Call did not raise error with regard to the trial court's order of court costs, fees and restitution in his direct appeal.
 {¶ 5} Call's motion to vacate court costs, fines and restitution is a post-trial motion that is not specifically provided for under the law. Accordingly, Call's motion is barred by res judicata because Call could have raised the issue in his direct appeal. With respect to res judicata, the Ohio Supreme Court held that:
Under the doctrine of res judicata, a final judgment ofconviction bars a convicted defendant who was represented bycounsel from raising and litigating in any proceeding except anappeal from that judgment, any defense or any claimed lack of dueprocess that was raised or could have been raised by thedefendant at the trial, which resulted in that judgment ofconviction, or on an appeal from that judgment.
 State v. Perry (1967), 10 Ohio St.2d 175, paragraph nine of the syllabus, 226 N.E.2d 104.
 {¶ 6} It is established that, pursuant to the doctrine of res judicata, a defendant cannot raise an issue in a motion for postconviction relief if he or she could have raised, or did raise, the issue on direct appeal. State v. Reynolds,79 Ohio St.3d 158, 161, 1997-Ohio-304, 679 N.E.2d 1131, citing State v.Duling (1970), 21 Ohio St.2d 13, 254 N.E.2d 670. The doctrine of res judicata promotes the principle of finality of judgments by requiring the presentment of every possible ground for relief in the first action. Kirkhart v. Keiper, 101 Ohio St.3d 377,2004-Ohio-1496, 805 N.E.2d 1089, at ¶ 5, citing Natl.Amusements, Inc. v. Springdale (1990), 53 Ohio St.3d 60, 62,558 N.E.2d 1178. Since Call failed to raise the trial court's order of court costs, fees and restitution as an assignment of error in his direct appeal before this Court, Call is barred by res judicata from raising the issue in a post-trial motion.
 {¶ 7} Further, even when we address Call's argument on its merits we reach the same conclusion as the trial court. With regard to the trial court's order of restitution, R.C.2929.18(A)(1) provides that the court may order an offender to pay restitution to a third party. Call appears to misinterpret the sentence "[t]he court shall not require an offender to repay an insurance company for any amounts the company paid on behalfof the offender pursuant to a policy of insurance" in R.C.2929.18(A)(1) to mean that the court can never order an offender to reimburse an insurance company as part of restitution. This logic is flawed. This section has been construed by Ohio courts to preclude orders of restitution to an offender's own insurance company, not the victim's insurance company. State v. Martin,140 Ohio App.3d 326, 338, 2000-Ohio-1942, 747 N.E.2d 318. Call also mistakenly asserts that since the owner of the property rented the property to other occupants, and because the owner was not present in the residence at the time of the fire, the owner is not a victim in this case. Call argues that this precludes him from being ordered to pay restitution to the property owner's insurance company. This argument is completely without merit.
 {¶ 8} Call also argues that the court did not have any competent, credible evidence before it from which it could determine the amount of restitution owed. Ohio law provides that "there must be a due process ascertainment that the amount of restitution bears a reasonable relationship to the loss suffered." State v. Marbury (1995),104 Ohio App.3d 179,181,661 N.E.2d 271, citing State v. Williams (1986),34 Ohio App.3d 33,34,516 N.E.2d 1270. The State submitted documentary evidence in the form of a letter from the property owner's insurance agency indicating the amounts paid by the insurance agency and to whom they were paid. This evidence substantiated the trial court's order for restitution in the amount of $43,000.00.
 {¶ 9} In addition, the trial court did not err in ordering Call to pay restitution without considering his ability to pay. Pursuant to R.C. 2929.19(B)(6), the trial court only has the duty to consider the offender's present or future ability to pay before imposing financial sanctions. Martin,140 Ohio App.3d at 338. Since there are no express factors that R.C. 2929.19(B)(6) requires a trial court to consider regarding the offender's ability to pay before ordering restitution, all that is required is for the trial court to "consider the offender's present or future ability to pay." Id.; R.C. 2929.19(B)(6). Moreover, the trial court is not required to hold a separate hearing in order to determine the offender's ability to pay. Martin,140 Ohio App.3d at 338.
 {¶ 10} Since Call failed to include a transcript of the sentencing hearing as part of the record on appeal, we are unable to review the proceedings to determine whether the trial court considered Call's present or future ability to pay restitution. When seeking an appeal of a judgment, "the appellant bears the burden of demonstrating error by reference to the record of the proceedings below, and it is appellant's duty to provide the reviewing court with an adequate transcript." Burrell v.Kassicieh (1998), 128 Ohio App.3d 226,232,714 N.E.2d 442, citing Knapp v. Edwards Laboratories (1980),61 Ohio St.2d 197,199,400 N.E.2d 384. App.R. 9 provides the procedures to be used in making a transcript, or suitable alternative, a complete part of the record. "In the absence of a complete and adequate record, a reviewing court must presume the regularity of the trial court proceedings and the presence of sufficient evidence to support the trial court's decision." Burrell, 128 Ohio App.3d at 232, citing Wells v. Spirit Fabricating, Ltd. (1996),113 Ohio App.3d 282, 288-289, 680 N.E.2d 1046. Therefore, on the record presented to this court, without more, we must presume the regularity of the proceeding from which appeal is taken and we hold that the trial court did not err in ordering Call to pay restitution to the insurance agency.
 {¶ 11} With regard to Call's argument that the trial court erred in imposing court costs and attorney fees on an indigent defendant, this Court has recently decided this issue in Statev. Haynie, 157 Ohio App.3d 708, 2004-Ohio-2452, 813 N.E.2d 686. In Haynie, we held:
There is a distinction between R.C. 2947.23, which merelyprovides that the court include costs as part of a defendant'ssentence, and R.C. 2949.14, which provides the procedure that theclerk must follow in attempting to collect the court-imposedcosts. (citation omitted.) R.C. 2947.23 does not make adistinction between indigent and nonindigent defendants. Thatdistinction is not made until the clerk attempts to collect thecourt-imposed costs. The trial court has the authority to assesscosts upon an indigent defendant so that in the event an indigentdefendant ceases to be indigent in the future, the clerk can thencollect costs pursuant to the procedure outlined in R.C.2949.14.(citation omitted.)
Id. at ¶ 27.
 {¶ 12} Again, we note that Call failed to provide this Court with a transcript of the sentencing hearing. We are, therefore, unable to review the hearing to determine if the court committed any error in assessing the court costs and attorney fees or if the court considered any additional evidence regarding Call's ability to pay the costs and fees. Accordingly, we must presume the regularity of the proceeding, Burrell,128 Ohio App.3d at 232, and we hold that the trial court did not err in ordering Call to pay court costs and attorney fees.
 {¶ 13} Call's assignment of error is overruled and the judgment of the Common Pleas Court of Marion County is affirmed.
Judgment affirmed.
 Shaw, P.J., and Cupp, J., concur.