OPINION
{¶ 1} Defendant-Appellant, Augustine Ybarra, Jr., appeals a judgment of the Putnam County Common Pleas Court denying his motion to vacate court costs and a court imposed fine. On appeal, Ybarra asserts the trial court erred in denying his motion. Ybarra argues that incarceration has made him indigent, and the imposition of such costs and fine after his incarceration would impose an undue hardship upon himself and his dependants. We find the trial court did not err in denying Ybarra's motion to vacate court costs and court imposed fine, and as a result, we affirm the judgment of the trial court.
 {¶ 2} In December of 2001, the Putnam County Grand Jury returned a multi-count indictment against Ybarra. The multi-count indictment included, among other things, one count of engaging in a pattern of corrupt activity, in violation of R.C. 2929.23, a felony of the first degree. Ybarra plead not guilty to all counts.
 {¶ 3} In March of 2002, Ybarra plead guilty to the charge of engaging in a pattern of corrupt activity. The trial court accepted Ybarra's guilty plea and dismissed the remaining charges.
 {¶ 4} Subsequently, the trial court sentenced Ybarra to four years at the Ohio Department of Correction and Rehabilitation. Additionally, the trial court imposed a ten-thousand dollar fine upon Ybarra and ordered Ybarra to pay court costs.
 {¶ 5} In February of 2005, Ybarra moved to vacate the court costs and fine. Subsequently, the trial court overruled Ybarra's motion. Ybarra appeals that judgment asserting the following assignment of error.
The trial court erred when it denied the Defendant/Appellants (sic)motion to vacate court cost (sic) and court-imposed fines.
 {¶ 6} In his sole assignment of error, Ybarra asserts the trial court erred when it ordered him to pay court costs and a fine, because his incarceration has made him indigent and the imposition of the court imposed fine and court costs will impose an undue hardship upon Ybarra and his family. We disagree.
 {¶ 7} Ybarra's motion to vacate court costs and court imposed fine is a post-trial motion that is not specificially provided for under the law. State v. Call, 3d Dist. No. 9-04-29, 2004-Ohio-5645, at ¶ 5. Accordingly, Ybarra's motion is barred by res judicata, because Ybarra could have raised the issue on direct appeal and failed to do so. With respect to res judicata, the Supreme Court of Ohio held:
Under the doctrine of res judicata, a final judgment of conviction barsa convicted defendant who was represented by counsel from raising andlitigating in any proceeding except an appeal from that judgment, anydefense or any claimed lack of due process that was raised or could havebeen raised by the defendant at the trial, which resulted in thatjudgment of conviction, or on an appeal from that judgment.
 State v. Perry (1967), 10 Ohio St.2d 175, para. nine of the syllabus.
 {¶ 8} Under the doctrine of res judicata, a defendant cannot raise an issue in a motion for post-conviction relief if he or she could have raised, or did raise, the issue on direct appeal. State v. Reynolds,79 Ohio St.3d 158, 161, 1997-Ohio-304 citing State v. Duling (1970),21 Ohio St.2d 13. The doctrine of res judicata promotes the principle of finality of judgments by requiring the presentment of every possible ground for relief in the first action. Kirkhart v. Keiper,101 Ohio St.3d 377, 378, 2004-Ohio-1496, at ¶ 5 citing Natl.Amusements, Inc. v. Springdale (1990), 53 Ohio St.3d 60, 62. Since Ybarra failed to raise the trial court's order for court costs and court imposed fines in a direct appeal before this Court, Ybarra is barred by res judicata from raising the issue in a post-conviction motion. Accordingly, Ybarra's assignment of error is overruled.
 {¶ 9} However, even if Ybarra had properly raised this issue on appeal, the trial court properly denied Ybarra's motion. First, we shall consider the imposition of court costs on Ybarra. Then, we shall consider the imposition of the fine on Ybarra.
 Court Costs {¶ 10} R.C. 2947.23 governs the imposition of court costs in criminal cases. R.C. 2947.23(A) provides in pertinent part:
(A)(1) In all criminal cases, including violations of ordinances, thejudge or magistrate shall include in the sentence the costs ofprosecution and render a judgment against the defendant for such costs. Atthe time the judge or magistrate imposes sentence, the judge ormagistrate shall notify the defendant of both of the following:
 (a) If the defendant fails to pay that judgment or fails to timely makepayments towards that judgment under a payment schedule approved by thecourt, the court may order the defendant to perform community service inan amount of not more than forty hours per month until the judgment ispaid or until the court is satisfied that the defendant is in compliancewith the approved payment schedule.
 (b) If the court orders the defendant to perform the communityservice, the defendant will receive credit upon the judgment at thespecified hourly credit rate per hour of community service performed, andeach hour of community service performed will reduce the judgment by thatamount.
 {¶ 11} In State v. White, 103 Ohio St.3d 580, 582, 2004-Ohio-5989, at ¶ 8, the Ohio Supreme Court held that "R.C. 2947.23 does not prohibit a court from assessing costs against an indigent defendant; rather itrequires a court to assess costs against all convicted defendants." Further, the Court held that a clerk of courts may attempt to collect on a judgment for court costs against an indigent defendant. Id. at ¶ 14.
 {¶ 12} Here, Ybarra noted in his brief that no affidavit of indigency was filed prior to the sentencing hearing.[1] Thus, the trial court did not find Ybarra indigent at the time of sentencing. And, even though he was not earning wages from his former employer during his incarceration, indigency caused by incarceration does not bar the imposition of court costs on him. In fact, R.C. 2947.23 requires Ybarra to pay the costs of prosecution. Therefore, the trial court correctly concluded at sentencing that it was required to assess costs to Ybarra.
 Mandatory Court Imposed Fine {¶ 13} With regards to the court imposed fine, R.C. 2929.18(B)(1) provides:
For a first * * * degree felony violation of any provision ofChapter 2925 * * * of the Revised Code, the sentencing court shall impose uponthe offender a mandatory fine of at least one-half of, but not morethan, the maximum statutory fine amount authorized for the level of theoffense pursuant to division (A)(3) of this section. If an offenderalleges in an affidavit filed with the court prior to sentencing that theoffender is indigent and unable to pay the mandatory fine and if thecourt determines the offender is an indigent person and is unable to paythe mandatory fine described in this division, the court shall not imposethe mandatory fine upon the offender.
R.C. 2929.18(A)(3) provides, in pertinent part:
Financial sanctions that may be imposed pursuant to thissection include, but are not limited to, the following:
* * *
(3) * * * a fine payable by the offender to the state, to a politicalsubdivision when appropriate for a felony, or as described indivision (B)(2) of this section to one or more law enforcement agencies, in thefollowing amount:
 (a) For a felony of the first degree, not more than twenty thousanddollars;
 {¶ 14} A defendant opposing a mandatory fine has the burden to demonstrate that he is indigent and unable to pay the fine. R.C. 2929.18(B)(1), State v. Gipson, 80 Ohio St.3d 626, 631-32, 1998-Ohio-659. The fact that a defendant is indigent at the time of sentencing does not preclude the imposition of a mandatory fine. Gipson,80 Ohio St.3d at 631-32. The trial court may consider the defendant's future ability to pay. Id. at 636.
 {¶ 15} In Gipson, the Court states that R.C. 2929.18(B)(1) "clearly requires that a sentencing court shall impose a mandatory fine upon an offender unless (1) the offender alleges in an affidavit filed with the court prior to sentencing that the offender is indigent and unable to pay the mandatory fine, and (2) the court determines that the offender is in fact an indigent person and is unable to pay the mandatory fine." Id. at 630.
 {¶ 16} Here, Ybarra has not satisfied either of the two prerequisites for an avoidance of the mandatory fine imposed. Ybarra provides a copy of a judgment entry dated March 25, 2005 from the Putnam County Court of Common Pleas finding him indigent and providing him with court appointed counsel. However, prior to the time of sentencing, Ybarra had not filed an affidavit of indigence. As a result, the trial court was unable to find him indigent. Further, Ybarra argues that his time in prison has not allowed him to earn money at his former employment and the payment of the fines and costs would pose an undue burden on his family. However, we, like the trial court, do not find his argument persuasive.
 {¶ 17} Accordingly, even on its merits, Ybarra's assignment of error would be overruled.
 {¶ 18} Having found that the Ybarra's post-conviction motion was barred by res judicata and that the trial court did not err in imposing court costs and a court imposed fine, Ybarra's assignment of error is overruled.
 {¶ 19} Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment Affirmed.
 Cupp, P.J. and Shaw, J., concur.
[1] Ybarra filed an affidavit of indigency for this appeal and was denied appointment of counsel. Ybarra is not entitled to counsel at state expense in an appeal of judgment denying a request for post-conviction relief, which is civil in nature. State v. Mapson (1987),41 Ohio App.3d 390; State v. Crowder (1991), 60 Ohio St.3d 151. Furthermore, when a party is entitled to the appointment of counsel, the request must be directed in the first instance to the trial court. Loc. R. 8.