OPINION
{¶ 1} On July 7, 2003, appellant, Jermaine Mays, was indicted on one count of possession of cocaine, a felony of the third degree, in violation of R.C. 2925.11. On February 28, 2005, appellant entered a plea of guilty and was sentenced to one year in prison and a mandatory fine of $5000. Appellant now appeals and asserts two assignments of error for our review:
 {¶ 2} "[1.] [T]he trial court violated appellant's right to a hearing on his indigent status contrary to R.C. 2925.03(L).
 {¶ 3} "[2.] Counsel's deficient assistance at trial fell below the standard of reasonable representation when she failed to submit an affidavit of indigency prior to sentencing."
 {¶ 4} Under his first assignment of error, appellant contends the trial court erred in failing to consider his affidavit of indigency which was filed after his sentencing hearing but before judgment was entered reflecting the trial court's sentencing decision.
 {¶ 5} Appellant was convicted of a violation R.C. 2925.11, a third degree felony. R.C. 2929.18(B)(1) provides, in relevant part.
 {¶ 6} "For a first, second, or third degree felony violation of any provision of Chapter 2925, * * * the sentencing court shall impose upon the offender a mandatory fine * * *. If an offender alleges in an affidavit filed with the court prior to sentencing that the offender is indigent and unable to pay the mandatory fine and if the court determines the offender is an indigent person and is unable to pay the mandatory fine described in this division, the court shall not impose the mandatory fine upon the offender."
 {¶ 7} In effect, a court may not impose a fine pursuant to R.C. 2929.18(B)(1) if a defendant, prior to sentencing, files an affidavit of indigency and the court determines he or she is unable to pay the fine. R.C. 2925.03(L); see, also, State v.Grissom, 11th Dist. No. 2001-L-107, 2002-Ohio-5154.
 {¶ 8} A facial reading of the statute would suggest a defendant must file his or her affidavit prior to the sentencing hearing, i.e. before a sentence is imposed. However, in State v.Gipson, 80 Ohio St.3d 626, 1998-Ohio-659, the Supreme Court of Ohio held that the phrase "filed with the court prior to sentencing" means that "the affidavit must be delivered to the clerk of court for purposes of filing and must be indorsed by the clerk of court, i.e., time-stamped, prior to the filing of the journal entry reflecting the trial court's sentencing decision." Id. at syllabus. Accordingly, an affidavit of indigency may be properly filed with the clerk of court and time stamped at anytime prior to the filing of the trial court's judgment entry on sentence for purposes of invoking the statutory procedure established for waiving the mandatory fine.
 {¶ 9} Counsel filed appellant's affidavit of indigency immediately subsequent to the sentencing hearing on February 25, 2005, at 10:27 a.m. The record shows the trial court formally filed its sentencing decision on March 3, 2005, at 10:20 a.m. We therefore hold, and the state concedes, appellant's affidavit of indigency was timely filed pursuant to Gipson.
 {¶ 10} However, appellant's first assignment of error does not hinge upon whether his affidavit of indigency was timely filed; rather, his argument specifically contends the trial court violated his rights by failing to hold a hearing on his indigent status.
 {¶ 11} At the close of the sentencing hearing, appellant's trial counsel moved the court to suspend the mandatory fine. Counsel noted appellant's affidavit of indigency would be filed immediately after the hearing. The court overruled counsel's motion. We point out that the court did not err in overruling counsel's motion at the hearing because no affidavit had been filed. However, because counsel formally moved the court to suspend the fine and filed appellant's affidavit of indigency before sentencing, the court was required to hold a hearing to consider the affidavit. As the trial court did not consider the affidavit, we sustain appellant's first assignment of error.
 {¶ 12} Under his second assignment of error, appellant argues his trial counsel rendered ineffective assistance by failing to submit an affidavit of indigency prior to the sentencing hearing.
 {¶ 13} To prevail on a claim of ineffective assistance of counsel, a defendant must show both that his counsel's performance fell below the standard of reasonable representation and the deficient performance prejudiced the defense. State v.Cash, 11th Dist. No. 2001-A-0085, 2003-Ohio-2536, at ¶ 15.
 {¶ 14} Because we hold appellant's affidavit of indigency was filed in a timely manner pursuant to Gipson, trial counsel's performance did not fall below the standard of reasonable representation. Accordingly, appellant's second assignment of error is overruled.
 {¶ 15} For the above stated reasons, appellant's first assignment of error is well taken and therefore the judgment of the Lake County Court of Common Pleas is hereby reversed and the matter remanded for proceedings consistent with this opinion.
Grendell, J., O'Toole, J., concur.