OPINION *Page 2 
{¶ 1} Although originally placed on our accelerated calendar, we have elected pursuant to Loc.R. 12(5) to issue a full opinion in lieu of a summary journal entry.
 {¶ 2} Defendant-appellant, James McDowell (hereinafter "McDowell"), pro-se, appeals the judgment of the Mercer County Common Pleas Court denying his motion to vacate and/or suspend payment of fine(s). For the reasons that follow, we affirm the trial court's judgment.
 {¶ 3} In 2002, the Mercer County Grand Jury indicted McDowell on four counts including: one count of theft, in violation of R.C. 2913.02(A)(2) and a third degree felony; and three counts of corrupting another with drugs, violations of R.C. 2925.02(A)(4)(a) and second degree felonies.
 {¶ 4} McDowell entered a plea of guilty to one count of corrupting another with drugs, in violation of R.C. 2925.02(A)(4)(a) and a second degree felony. The prosecution submitted a nolle prosequi on the remaining counts. The court found McDowell guilty of corrupting another with drugs and set sentencing for September 3, 2003; however, McDowell failed to appear at the sentencing hearing. The trial court then issued a bench warrant.
 {¶ 5} McDowell was subsequently arrested. On May 20, 2004, McDowell was sentenced to five years imprisonment with the sentence to be served *Page 3 
consecutively to the sentence imposed in Case No. 03-CRM-129. The trial court also imposed a mandatory fine of $7,500 and ordered McDowell to reimburse the costs of prosecution and court costs.
 {¶ 6} On October 23, 2006, McDowell filed a motion entitled "motion to vacate and/or suspend payment of fine(s)", which requested the trial court to declare McDowell indigent and vacate and/or suspend payment of fines or costs. The trial court subsequently denied McDowell's motion.
 {¶ 7} It is from this judgment that McDowell appeals and asserts two assignments of error for our review. We have combined McDowell's assignments of error and will address both assignments of error together.
 ASSIGNMENT OF ERROR NO. I UPON PROPER MOTION BROUGHT BEFORE THE TRIAL COURT, DOES THE TRIAL COURT ABUSE IT'S DISCRETION, VIOLATE STATE LAW AND DENY THE DEFENDANT-APPELLANT DUE PROCESS UNDER THE FIFTH AND FOURTEENTH AMENDMENT'S OF THE UNITED STATES CONSTITUTION AND ARTICLE 1, SECTION 10 OF THE OHIO CONSTITUTION, WHEN THAT MOTION TO VACATE AND/OR SUSPEND THE PAYMENT OF FINES IMPOSED BY THE TRIAL COURT ON AN INDIGENT PERSON IN A CRIMINAL CASE IS DENIED?
 ASSIGMENT OF ERROR NO. II WHEN THE DEFENDANT HAS PROVIDED AN AFFIDAVIT OF INDIGENCY ATTACHED TO HIS MOTION TO VACATE AND/OR SUSPEND PAYMENT OF FINES, AND PROCEEDED THROUGH THE TRIAL COURT AS AN *Page 4 INDIGENT PERSON AS SET FORTH BY THE TRIAL COURT, AND IS DEEMED INDIGENT BY THE COURT OF APPEALS FOR THE PURPOSES OF THIS APPEAL, DOES THE TRIAL COURT ABUSE IT'S DISCRETION AND DENY THE DEFENDANT-APPELLANT DUE PROCESS UNDER THE FIFTH AND FOURTEENTH AMENDMENT'S [sic] OF THE UNITED STATES CONSTITUTION AND ARTICLE 1, SECTION 10 OF THE OHIO CONSTITUTION, WHEN THE DEFENDANT-APPELLANT SPECIFICALLY SETS FORTH HIS INABILITY TO PAY SAID FINES?
 {¶ 8} In his first and second assignments of error, McDowell argues that he was indigent throughout the case and that he is entitled to have the fines imposed by the trial court suspended and/or vacated. McDowell points to the facts that: he declared himself indigent, the trial court provided him with an attorney at no cost, and the prosecution did not object to his indigency status. According to McDowell, he filed a completed notarized affidavit of indigency initially in the trial court and with his motion to suspend and/or vacate fines. McDowell argues that the trial court abused its discretion and violated his due process when it denied his motion.[1]
 {¶ 9} In State v. Ybarra, 3d Dist. No. 12-05-05, 2005-Ohio-4913, ¶¶ 7-8, this court stated:
 Ybarra's motion to vacate court costs and court imposed fine is a post trial motion that is not specifically provided for under the law. State v. Call, 3d Dist. No. 9-04-29, 2004-Ohio-5645, at ¶ 5. Accordingly, Ybarra's motion is barred by res judicata, because Ybarra could have raised the issue on direct appeal and failed to *Page 5 do so. With respect to res judicata, the Supreme Court of Ohio held: `Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction or on an appeal from that judgment." State v. Perry (1967), 10 Ohio St.2d 175, 226 N.E.2d 104, para. nine of the syllabus.
 Under the doctrine of res judicata a defendant cannot raise an issue in a motion for post-conviction relief if he or she could have raised, or did raise, the issue on direct appeal. State v. Reynolds, 79 Ohio St.3d 158, 161, 679 N.E.2d 1131, 1997-Ohio-304 citing State v. Duling (1970), 21 Ohio St.2d 13, 254 N.E. 2d 670. The doctrine of res judicata promotes the principle of finality of judgments by requiring the presentment of every possible ground for relief in the first action. Kirkhart v. Keiper, 101 Ohio St.3d 377, 378, 805 N.E.2d 1089, 2004-Ohio-1496, at ¶ 5, citing Natl. Amusements, Inc. v. Springdale (1990), 53 Ohio St.3d 60, 62, 558 N.E.2d 1178. Since Ybarra failed to raise the trial court's order for court costs and court imposed fines in a direct appeal before this Court, Ybarra is barred by res judciata from raising the issue in a post-conviction motion. * * *
 {¶ 10} Similarly, we find McDowell failed to raise the trial court's imposition of fines in a direct appeal before this court, and is barred from raising the issue under the doctrine of res judicata. Even if McDowell was not barred by the doctrine of res judicata, the trial court did not err when it denied McDowell's motion to vacate and/or suspend fines because McDowell failed to file an affidavit with the court prior to sentencing alleging that he was indigent and unable to pay fines. *Page 6 
 {¶ 11} R.C. 2929.18(B)(1) states,
 For a * * * second * * * degree felony violation of any provision of Chapter 2925 * * *of the Revised Code, the sentencing court shall impose upon the offender a mandatory fine of at least one-half of, but not more than, the maximum statutory fine amount authorized for the level of the offense pursuant to division (A)(3) of this section. If an offender alleges in an affidavit filed with the court prior to sentencing that the offender is indigent and unable to pay the mandatory fine and if the court determines the offender is an indigent person and is unable to pay the mandatory fine described in this division, the court shall not impose the mandatory fine upon the offender.
Emphasis added.
 {¶ 12} This court has previously noted that "[t]here is a difference between a finding of indigency for purposes of receiving appointed legal counsel and the finding of indigency to avoid having to pay a mandatory fine." State v. Powell (1992), 78 Ohio App.3d 784, 789, 605 N.E.2d 1337. An affidavit of indigency filed for purposes of appointed counsel is not sufficient to demonstrate indigency for purposes of mandatory fines.State v. Gibson, 4th Dist. No. 03CA1, 2003-Ohio-4910, ¶¶ 21-27; State v.King, 3d. Dist. No. 2-01-03, 2001-Ohio-2236.
Accordingly, we find that the mere fact that the trial court appointed legal counsel does not mean that McDowell was indigent for purposes of avoiding the mandatory fine.
 {¶ 13} The Ohio Supreme Court has stated that R.C. 2929.18(B)(1), "clearly requires that a sentencing court shall impose a mandatory fine upon an *Page 7 
offender unless (1) the offender alleges in an affidavit filed with the court prior to sentencing that the offender is indigent and unable to pay the mandatory fine, and (2) the court determines that the offender is in fact an indigent person and is unable to pay the mandatory fine."State v. Gipson, 80 Ohio St.3d 626, 631, 687 N.E.2d 750, 1998-Ohio-659.
 {¶ 14} On April 24, 2003, McDowell filed an application for assigned counsel and attached to that request was an affidavit of indigency. As previously noted, however, an affidavit of indigency to obtain assigned counsel does not sufficiently demonstrate that McDowell is indigent for purposes of the mandatory fine. See Gibson, 2003-Ohio-4910, ¶¶ 21-27;King, 2001-Ohio-2236.
 {¶ 15} Prior to sentencing, however, McDowell did not file an affidavit alleging that he was indigent and unable to pay the mandatory fines. On October 23, 2006, McDowell filed a motion to vacate and/or suspend fine(s), which included an affidavit of indigency; however, that motion and the accompanying affidavit were not filed until after McDowell's sentencing hearing was held.[2]
 {¶ 16} Accordingly, we find that McDowell has failed to file an affidavit prior to sentencing that alleged that he was indigent and unable to pay the mandatory fines as required under R.C. 2929.18(B)(1). McDowell's first and second assignments of error are, therefore, overruled. *Page 8 
 {¶ 17} Having found no error prejudicial to appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment Affirmed.
 ROGERS, P.J., and SHAW, J., concur.
[1] McDowell did not raise, as an assignment of error, the court costs that were assessed by the trial court; thus, we will not address the issue of court costs. See App. R. 12(A)(1)(b).
[2] After reviewing the record, we found there was an additional affidavit of indigency form filed along with the certification for appointed counsel's fees, which was not mentioned in McDowell's brief. However, this affidavit was also filed after sentencing and does not meet the requirements under R.C. 2929.18(B)(1). *Page 1