[Cite as *State v. Slagle*, 2013-Ohio-230.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellant | : | Hon. William B. Hoffman, J. |
| | : | Hon. Sheila G. Farmer, J. |
| -vs- | : | |
| | : | |
| EMMANUEL L. SLAGLE | : | Case No. 12CA62 |
| | : | |
| Defendant-Appellee | : | O P I N I O N |

CHARACTER OF PROCEEDING:        Appeal from the Court of Common
                                Pleas, Case No. 2010CR272H

JUDGMENT:                       Reversed

DATE OF JUDGMENT:               January 22, 2013

APPEARANCES:

For Plaintiff-Appellant                 For Defendant-Appellee

JILL M. COCHRAN                         EMMANUEL SLAGLE, PRO SE
38 South Park Street                    Inmate No. 591-119
Mansfield, OH  44902                    Ohio State Penitentiary
                                        878 Coitsville-Hubbard Road
                                        Youngstown, OH  44505

*Farmer, J.*

{¶1}    On August 6, 2010, appellee, Emmanuel Slagle, pled guilty to two counts of possession of drugs (heroin and MDMA) in violation of R.C. 2925.11, and one count of receiving stolen property in violation of R.C. 2913.51.  By sentencing entry filed August 9, 2010, the trial court sentenced appellee to six years in prison and imposed a fine of $7,500.00 plus costs.  Appellee did not appeal his sentence.

{¶2}    On June 7, 2012, appellee filed a motion to vacate the imposition of costs, fines and/or restitution.  By judgment entry filed July 13, 2012, the trial court denied appellee's motion as to costs, found no restitution had been imposed, and granted the motion as to the $7,500.00 fine.

{¶3}    Appellant, the state of Ohio, filed an appeal and this matter is now before this court for consideration.  Assignment of error is as follows:

I

{¶4}    "THE TRIAL COURT ERRED WHEN IT VACATED THE MANDATORY FINES IN THIS CASE AS THE TRIAL COURT DID NOT HAVE THE AUTHORITY TO RECONSIDER ITS OWN VALID JUDGMENT."

I

{¶5}    Appellant claims the trial court erred in vacating the mandatory fine imposed in 2010.  We agree.

{¶6}    Appellee pled guilty to one count of possession of heroin in an amount exceeding one hundred unit doses in violation of R.C. 2925.11, a felony of the second degree.  Pursuant to subsection (E)(1)(a), a trial court sentencing an offender who pleads guilty to a first or second degree felony under R.C. 2925.11 shall impose a

mandatory fine of at least one half of the maximum fine specified in R.C. 2929.18(A)(3)(b). The maximum fine for a felony of the second degree is $15,000.00; therefore, half was $7,500.00 as imposed.

{¶7} A trial court is not required to impose a fine if it finds that the offender is indigent after the offender files an affidavit of indigency prior to sentencing. R.C. 2929.18(B)(1). In the case sub judice, appellee did not file the required affidavit of indigency and the trial court did not make the requisite finding. The trial court imposed the fine and appellee did not appeal his sentence.

{¶8} The issue of the mandatory fine is res judicata. *State v. Roberson,* 5th Dist. No. 2001CA00070, 2003-Ohio-4282. As stated in *State v. Perry,* 10 Ohio St.2d 175 (1967), 180:

> Under the doctrine of res judicata, a final judgment of conviction bars the convicted defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial which resulted in that judgment of conviction or on an appeal from that judgment.

{¶9} In addition, the trial court was without jurisdiction to vacate its own valid final judgment. *State ex rel. Cruzado v. Zaleski,* 111 Ohio St.3d 353, 2006-Ohio-5795; *State ex rel. Hansen v. Reed,* 63 Ohio St.3d 597 (1992). Two exceptions to this rule are

to correct a void sentence or to correct a clerical error.  *Cruzado,* at ¶19*.*  Neither exception was involved in this case.

{¶10}  Upon review, we find the trial court erred in vacating the mandatory fine.

{¶11}  The sole assignment of error is granted.

{¶12}  The judgment of the Court of Common Pleas of Richland County, Ohio is hereby reversed.

By Farmer, J.

Delaney, P.J. and

Hoffman, J. concur.


s/ Sheila G. Farmer_____


s/ Patricia A. Delaney_____


s/ William B. Hoffman_____

JUDGES


SGF/sg 108

[Cite as *State v. Slagle*, 2013-Ohio-230.]

IN THE COURT OF APPEALS FOR RICHLAND COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellant | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| EMMANUEL L. SLAGLE | : | |
| | : | |
| Defendant-Appellee | : | CASE NO. 12CA62 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Richland County, Ohio is reversed. Costs to appellee.

s/ Sheila G. Farmer_____

s/ Patricia A. Delaney_____

s/ William B. Hoffman_____

JUDGES