[Cite as *State v. Williams*, 2014-Ohio-65.]

IN THE COURT OF APPEALS

ELEVENTH APPELLATE DISTRICT

LAKE COUNTY, OHIO


STATE OF OHIO,                         :        **O P I N I O N**

          Plaintiff-Appellee,         :

     - vs -                                :        **CASE NO. 2012-L-111**

GAIL A. WILLIAMS,                      :

          Defendant-Appellant.      :


Criminal Appeal from the Lake County Court of Common Pleas, Case No. 11 CR 000400.

Judgment: Affirmed.


*Charles E. Coulson*, Lake County Prosecutor, and *Alana A. Rezaee*, Assistant Prosecutor, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*Matthew C. Bangerter*, 1360 West 9th Street, Suite 200, Cleveland, OH 44113 (For Defendant-Appellant).


THOMAS R. WRIGHT, J.

{¶1} Appellant, Gail A. Williams, appeals the decision of the Lake County Court of Common Pleas, which affirmed the imposition of a mandatory fine following a post-sentence motion to waive a fine. Appellant argues the trial court erred in denying her motion and also argues her trial counsel was ineffective for failing to file an affidavit of indigency prior to sentencing. As appellant failed to appeal the underlying sentencing entry which originally imposed the fine, the issue is now res judicata. Further,

assuming the merits could be reached, the trial court did not err in denying an untimely and non-supportive affidavit of indigency pursuant to the mandates of R.C. 2929.18(B)(1). Additionally, on this record, we cannot conclude trial counsel's representation fell below the objective standard for reasonable representation. For these reasons, and as fully set forth below, the judgment is affirmed.

{¶2} Appellant pled guilty to one second-degree felony charge of illegal manufacture of drugs (Methamphetamine), with a prior drug conviction finding, in violation of R.C. 2925.04; and endangering children, a third-degree felony in violation of R.C. 2919.22(B)(6). In the written plea agreement appellant acknowledged that she did, in fact, face a *mandatory* fine of $7,500.00 to $15,000.00 as part of her sentence.

{¶3} Upon application of the state, the trial court entered a nolle prosequi on the remaining charges set forth in the indictment – one third-degree felony charge of illegal assembly or possession of chemicals for the manufacture of drugs (Count Three); one second-degree felony charge of illegal assembly or possession of chemicals for the manufacture of drugs, with a finding the offense was committed in the vicinity of a juvenile (Count Five), both in violation of R.C. 2925.041; and one first-degree felony charge of illegal manufacture of drugs (Methamphetamine), with a finding the offense was committed in the vicinity of a juvenile, in violation of R.C. 2925.04 (Count Four).

{¶4} On May 3, 2012, the trial court held its sentencing hearing on the matter. During the hearing, trial counsel for appellant declared his client was indigent, acknowledged he had not filed any motion with regard to her indigency, and noted he would file an affidavit of indigency following the hearing. Appellant was sentenced to

five years in prison and ordered to pay a mandatory fine of $7,500.00, pursuant to R.C. 2929.18(B)(1).

{¶5} On May 7, 2012, the trial court's sentencing entry was filed. On May 8, 2012, appellant filed a motion to waive the fine with an attached affidavit of indigency. On May 23, 2012, the trial court denied appellant's motion to waive fine and upheld its assessment of the $7,500 fine. The trial court noted it denied the motion for two reasons: the motion was not filed prior to the sentencing hearing or prior to the judgment entry being filed, and the affidavit did not contain the requisite information as it was a copy of an affidavit from July 2011, for the purpose of receiving a court-appointed attorney.

{¶6} Appellant then filed a motion captioned "motion for reconsideration," which the trial court purported to deny. Parenthetically, we note a motion for reconsideration of a final judgment is not provided for in any criminal or civil rule and is therefore considered a legal nullity. *See State v. Keith*, 9th Dist. Lorain No. 08CA009362, 2009-Ohio-76, ¶8. Accordingly, the trial court's entry purporting to rule on the motion was itself a nullity. *See State v. Ledney*, 11th Dist. Trumbull Nos. 2012-T-0018, 20, 21, 2012-Ohio-5126, ¶5.

{¶7} Appellant subsequently sought leave to file a delayed appeal from the entry denying her motion to waive the fine, which was granted. Appellant asserts two assignments of error. Appellant's first assignment of error states:

{¶8} "The trial court erred to the prejudice of the Defendant-Appellant when it imposed the statutory fine without making inquiry into her ability to pay."

{¶9} Appellant was ordered to pay a $7,500 mandatory fine as part of her sentence. Appellant disputes the imposition of the fine, alleging violations of R.C. 2929.18(B)(1), which prohibits an imposition of an otherwise mandatory fine against an indigent offender, and R.C. 2929.19(B)(5), which requires consideration of the offender's present and future inability to pay.

{¶10} R.C. 2929.18(B)(1) imposes a mandatory fine for a first, second, or third degree felony violation of any provision of Chapter 2925, 3719, or 4729 of the Revised Code. Here, appellant pled guilty to one second-degree felony charge of illegal manufacture of drugs (Methamphetamine), with a prior drug conviction finding, a second-degree felony in violation of R.C. 2925.04, thereby subjecting her to the mandatory fine set forth in R.C. 2929.18(B)(1).

{¶11} However, R.C. 2929.18(B)(1) also prohibits a trial court from imposing a mandatory fine on a indigent defendant. That portion of the statute states: "If an offender alleges in an affidavit filed with the court *prior to sentencing* that the offender is indigent and unable to pay the mandatory fine and if the court determines the offender is an indigent person and is unable to pay the mandatory fine described in this division, the court shall not impose the mandatory fine upon the offender." (Emphasis added.)

{¶12} R.C. 2929.19(B)(5) states a trial court, before imposing a fine under R.C. 2929.18, must consider the offender's present and future ability to pay the amount of the fine.

{¶13} We first address the standard of review to be applied when addressing a trial court's decision concerning the imposition of a fine in felony cases. This court has

4

previously noted that, given the language of R.C. 2929.18(B)(1), which dictates the action the trial court "shall" or "shall not" take, "the decision to impose a fine is not a discretionary one but, rather, a mandatory requirement for the trial court where the defendant has not filed an affidavit of indigency with the court prior to sentence." *State v. Grissom*, 11th Dist. Lake No. 2001-L-107, 2002-Ohio-5154, ¶30. The Ohio Supreme Court in *State v. Moore*, 135 Ohio St.3d 151, 2012-Ohio-5479, similarly noted the obligatory language of R.C. 2929.18(B)(1) and concluded "the trial court has no discretion in deciding whether to impose the fine" and that "an offender's sentence that does not properly include a statutorily mandated term is contrary to law." *Id.* at ¶13-14. This would suggest a de novo standard of review. However, there is also authority for, and this court has held, that a court's imposition of a mandatory fine is reviewed under an abuse of discretion standard. *State v. Bernadine*, 11th Dist. Portage No. 2010-P-0056, 2011-Ohio-4023, ¶16; *State v. Williams*, 8th Dist. Cuyahoga No. 92419, 2009-Ohio-5964, ¶5. Indeed, there is, in fact, a discretionary element to the decision concerning whether to impose a fine as a trial court obviously can still decide an offender is not indigent following a timely-filed, though substantively-lacking, affidavit. *See, e.g., State v. Lenhert*, 6th Dist. Wood No. WD-08-078, 2009-Ohio-5392 (following a timely-filed affidavit, trial court did not find defendant indigent and imposed fine pursuant to R.C. 2929.18(B)(1); judgment affirmed.)

{¶14} The reality is an appellate court conducts both de novo and abuse of discretion standards of review when reviewing felony sentencing issues, as dictated by *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912. In the case sub judice, this review requires us to examine de novo the trial court's compliance with R.C. 2929.18 in

5

imposing the fine to determine whether that portion of the sentence is contrary to law, pursuant to *Moore, supra.* Next, we proceed with the second determination of whether the trial court abused its discretion in imposing the fine. *See State v. Pilgrim*, 184 Ohio App.3d 675, 2009-Ohio-5357, ¶74-78 (10th Dist.) (setting forth the *Kalish* standard of review for appeals challenging trial court's imposition of a fine pursuant to R.C. 2929.18(B)(1)).

{¶15} As a preliminary matter, we note appellant filed her motion for leave to file a delayed appeal, specifying an appeal "from the judgment denying her Motion to Waive Fine." In her accompanying notice of appeal, appellant designated the judgment denying her motion to waive the fine as the entry upon which she appeals. This court granted the motion based upon this specified entry. Appellant has not appealed, nor has she ever purported to appeal, the sentencing entry which originally imposed the mandatory fine. The issue of the mandatory fine is therefore res judicata. *See State v. Slagle*, 5th Dist. Richland No. 12CA62, 2013-Ohio-230 (the issue of a mandatory fine was deemed res judicata where, the offender appealed from the trial court's denial of a post-sentence motion to vacate costs, but never timely appealed the underlying sentencing entry); *see also State v. Burnett*, 10th Dist. Franklin No. 08AP-304, 2008-Ohio-5224, ¶5, and *State v. McDowell*, 3d Dist. Mercer No. 10-06-34, 2007-Ohio-5486, ¶10.

{¶16} Even if res judicata did not apply, however, appellant's argument would still fail. First, appellant's affidavit was not filed prior to the sentencing hearing or prior to the judgment entry being filed. As indicated by the plain language of R.C. 2929.18(B)(1), an affidavit of indigency must be "filed with the court prior to

6

sentencing." This means that "the affidavit must be delivered to the clerk of court for purposes of filing and must be indorsed by the clerk of court, i.e., time-stamped, prior to the filing of the journal entry reflecting the trial court's sentencing decision." *State v. Gipson*, 80 Ohio St.3d 626 (1998), paragraph one of the syllabus; *see also State v. Mays*, 11th Dist. Lake No. 2005-L-052, 2006-Ohio-3890 (where the affidavit of indigency—filed after the sentencing hearing but before the sentencing entry – was deemed timely.)

{¶17} The timeliness of an affidavit pursuant to R.C. 2929.19(B)(1) is critical: "the fact that the affidavit was not properly filed prior to sentencing is, standing alone, a sufficient reason to find that the trial court committed no error by imposing the statutory fine." *Gipson*, 80 Ohio St.3d at 633; *see also Grissom*, 2002-Ohio-5154, ¶31. Here, the motion to waive fine was not filed prior to sentencing. The judgment entry imposing the mandatory fine was placed on the court's docket on May 7, 2012, while the motion to waive the fine was filed one day later. The trial court therefore did not err or abuse its discretion in applying R.C. 2929.18(B)(1) and finding that the motion and accompanying affidavit were not timely.

{¶18} Additionally, the "supporting" affidavit did not contain the requisite information as it was a copy of an affidavit from July 2011 for the purpose of receiving a court-appointed attorney, previously accepted in Painesville Municipal Court. An affidavit establishing indigency for court-appointed counsel is distinct from an affidavit establishing indigency for avoidance of a mandatory fine. *Id* at ¶21. This is because, "when deciding whether a defendant is an indigent for the purpose of appointment of counsel, the trial court need only inquire into the defendant's indigency status at the

7

time request for counsel was made." *State v. McDowell*, 11th Dist. Portage No. 2001-P-0149, 2003-Ohio-5352, ¶69. "However, when evaluating indigency for the avoidance of a mandatory fine, the trial court may inquire into the defendant's ability to pay the mandatory fine in the future, and is not limited to the indigency status of the defendant at the time it was imposed." *Id.* Here, appellant merely attached her prior affidavit which established indigency for purposes of obtaining court-appointed counsel. The trial court therefore did not err or abuse its discretion in finding that the affidavit was insufficient to establish indigency for avoiding the mandatory fine.

{¶19} Turning to R.C. 2929.19(B)(5), it is evident the trial court considered appellant's present and future ability to pay before issuing the mandatory fine pursuant to R.C. 2929.18(B)(1). The trial court noted on the record that it reviewed the presentence report. Upon review, this presentence report details appellant's financial state, including her assets and monthly earnings, as well as her prospective earning ability based on education. Where the record indicates a trial court has considered a pre-sentence investigation report which does, in fact, detail relevant financial information, the court has adequately complied with R.C. 2929.19(B)(5). *See Bernadine*, 2011-Ohio-4023, ¶28 (decided under former analogous R.C. 2929.19(B)(6)).

{¶20} We therefore conclude the doctrine of res judicata bars appellant's argument concerning the fine. Even if res judicata does not apply, a review on the merits would indicate the trial court complied with all applicable statutes, including R.C. 2929.18(B)(1), and R.C. 2929.19(B)(5), and did not abuse its discretion in imposing the mandatory fine.

{¶21} Appellant's first assignment of error is without merit.

{¶22} Appellant's second assignment of error states:

{¶23} "Defendant-Appellant was denied effective assistance of counsel in violation of the Sixth Amendment of the United States Constitution."

{¶24} In her second assignment of error, appellant contends her trial counsel was ineffective for failing to file an affidavit of indigency prior to sentencing.

{¶25} Pursuant to *Strickland v. Washington*, 466 U.S. 668 (1984), to prevail on an ineffective assistance of counsel claim, appellant must demonstrate that trial counsel's performance fell below an objective standard of reasonable representation, and there is a reasonable probability that, but for counsel's error, the result of the proceeding would have been different. There is a general presumption that trial counsel's conduct is within the broad range of professional assistance. *Id*. at 688-695.

{¶26} "[T]he failure to file an affidavit attesting to a defendant's indigency only establishes ineffective assistance of counsel when the record shows a reasonable probability that the trial court would have found the defendant indigent." *McDowell*, 2003-Ohio-5352, ¶75.

{¶27} Ordinarily, "[i]nformation regarding [the] Defendant's financial status is typically outside the record on merit appeal. Then, the more appropriate vehicle for pursuing that issue is post-conviction relief proceedings filed pursuant to R.C. 2953.21." *State v. Sheffield*, 2d Dist. Montgomery No. 20029, 2004-Ohio-3099, ¶14. Though there was no post-conviction relief proceeding in this case, this court does have before it in the record the affidavit which was not filed in a timely fashion to review. As explained above, however, the affidavit did not contain sufficient

9

information for purposes of R.C. 2929.18(B)(1); therefore, the mere filing of the motion and accompanying affidavit prior to sentencing would not have changed the result of the proceeding. Further, as indicated above, there was ample evidence before the trial court regarding appellant's financial condition such that the court could consider her present and future ability to pay. This information – which includes assets, monthly income, and educational information – illustrate appellant's ability to pay the subject fine, and indicates that the result of the proceedings would not have been different.

{¶28} It therefore cannot be concluded that appellant was deprived effective assistance of trial counsel.

{¶29} Appellant's second assignment of error is without merit.

{¶30} The judgment of the Lake County Court of Common Pleas is hereby affirmed.


CYNTHIA WESTCOTT RICE, J., concurs,

COLLEEN MARY O'TOOLE, J., dissents with Dissenting Opinion.


_____


COLLEEN MARY O'TOOLE, J., dissents with Dissenting Opinion.

{¶31} I would reverse and remand based on the second assignment of error. As the Third Appellate District has noted:

{¶32} "The failure to file an affidavit of indigence prior to sentencing may constitute ineffective assistance of counsel if the record shows a reasonable probability

10

that the trial court would have found a defendant indigent and relieved him of the obligation to pay the [mandatory] fine had the affidavit been filed. *State v. Harris,* 6th Dist. No. F-04-005, 2005-Ohio-1779, at ¶36; *State v. Sheffield,* 2d Dist. No. 20029, 2004-Ohio-3099, at ¶13; *State v. McDowell,* 11th Dist. No. 2001-P-0149, 2003-Ohio-5352, at ¶75; *State v. Williams* (1995), 105 Ohio App.3d 471, 482, * * *; *State v. Powell* (1992), 78 Ohio App.3d 784, 787, * * *.  (Parallel citations omitted.)  *State v. Frazier*, 3d Dist. Hancock No. 5-04-57, 2005-Ohio-3515, ¶9, *rev'd and remanded on other grounds* by *In re Ohio Crim. Sentencing Statutes Cases*, 109 Ohio St.3d 313, 2006-Ohio-2109.

{¶33}  In this case, the record shows the trial court found appellant indigent for purposes of appointing counsel, and provision of a transcript on appeal.  While the analyses of whether a person is indigent for these purposes, as opposed to being indigent regarding payment of a mandatory fine, are different, the actions of the trial court indicate it might well have found appellant indigent regarding payment of the fine if the issue had been presented properly to the court.  I agree with the majority that the trial court had the benefit of the presentence report in this case, which detailed certain assets presently owned by appellant.  I do not necessarily agree that this formed the basis of the trial court's denial of the waiver of the fine.  In its judgment entry denying that waiver, the trial court emphasized procedural failings: i.e., trial counsel's failure to file an affidavit prior to filing of the judgment entry of sentence, and the fact the affidavit filed was merely a copy of that used to support appointment of counsel.  The substance of the issue was never reached: i.e., whether appellant would have the ability, *after serving a mandatory five year sentence*, to pay that fine.  The record also indicates that appellant was gainfully employed throughout the period pending her sentencing – and

11

the trial court nevertheless found her indigent for purposes of appointing counsel and ordering a transcript. I respectfully submit that this indicates the trial court may have reached a different conclusion regarding waiver of the mandatory fine, if the issue had been properly before it. In any case, I believe the matter is one that court, not this one, should decide.

{¶34} I disagree with the majority that appellant's failure to appeal from the judgment entry of sentence, imposing the fine, rather than the denial of her motion to waive the fine, renders imposition of the fine res judicata. Res judicata does not attach to those portions of a sentence which are void. *See, e.g., State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, paragraph three of the syllabus. Failure by trial counsel to file an affidavit of indigency regarding a mandatory drug fine renders that part of the sentence imposing the fine void. *State v. Hubbard*, 8th Dist. Cuyahoga No. 99093, 2013-Ohio-1994, ¶18. Consequently, that portion of appellant's sentence pertaining to her mandatory drug fine is void, and is not res judicata. It is subject to attack, including collateral attack.

{¶35} Additionally, the requirement that a defendant who files an affidavit of indigency to obtain counsel must file a second affidavit for the court to consider in imposing a mandatory fine is redundant. The statutes providing for mandatory fines "clearly require imposition of a mandatory fine unless (1) the offender's affidavit is filed prior to sentencing, and (2) the trial court finds that the offender is an indigent person and is unable to pay the mandatory fines." *State v. Gipson*, 80 Ohio St.3d 626, 634, 1998. Several courts have held that filing the term "prior to sentencing" means the affidavit must be filed and indorsed (time-stamped) by the clerk of court, prior to the

12

filing of the journal entry of sentencing decision. *Id.* at paragraph one of the syllabus, *State v. Shepard*, 8th Dist. Cuyahoga No. 95433, 2011-Ohio-2525, ¶8.

**{¶36}** Here appellant filed an affidavit of indigency, with the clerk of court, in the Painesville Municipal Court prior to the case being transferred to the Lake County Common Pleas Court. Several courts have held that determining the indigency status of a defendant for purposes of appointing counsel is different than determining a defendant's ability to pay fines as one analysis determines the ability to pay for an attorney presently and the other analysis determines the future ability to pay fines. *State v. Lewis*, 2d Dist. Greene No. 2011-CA-75, 2012-Ohio-4858, ¶16, citing *State v. Hodge*, 2d Dist. Montgomery No. 23964, 2011-Ohio-633, ¶55 and *State v. Kelly*, 145 Ohio App.3d 277, 284 (12th Dist.2001).

**{¶37}** However, there is nothing in the statute that states that the affidavit filed to obtain counsel is insufficient for purposes of determining the ability to pay fines provided it has been properly filed with the clerk of court. This court held in *State v. Bernadine,* 11th Dist. Portage No. 2010-P-0056, 2011-Ohio-4023, ¶19, that appellant's affidavit of indigency (filed to obtain counsel) was insufficient to satisfy R.C. 2929.18, not because a separate affidavit was required, but because the affidavit had not been filed with the clerk of courts as required by statute. This is reasonable. What is not reasonable is to require a defendant to engage in the purely ministerial function of filing a second affidavit that contains the exact same financial information as the first. The financial disclosure/affidavit of indigency form used in most courts in Ohio requires a defendant to make a complete listing of all income, assets and expenses. This is the

very same information that a court uses prior to sentencing to determine the ability to pay fines.

{¶38} Requiring a defendant to file a second affidavit, containing the exact same financial information already provided, so the court can make a determination of ability to pay fines over time (versus immediate ability to pay for counsel) is redundant, bureaucratic, and does nothing to serve the further ends of justice. Additionally, there is nothing in the statute that states that the affidavit used to obtain counsel is insufficient for purposes of determining the ability to pay fines provided it has been properly filed with the clerk of courts.

{¶39} As appellant in this case filed her affidavit of indigency with the clerk of courts prior to sentencing, she has fulfilled the requirements of the statute. The trial court could have reviewed the affidavit in making its determination of appellant's ability to pay the mandatory fines.

Thus, I dissent.