DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Wood County Court of Common Pleas that found appellant guilty of three counts of trafficking in cocaine. For the following reasons, the judgment of the trial court is affirmed. *Page 2 
 {¶ 2} On December 18, 2005, appellant was indicted on three counts of trafficking in cocaine in violation of R.C. 2925.03(A)(1) and (C)(4)(c), R.C. 2925.03(A)(1) and (C)(4)(d), and R.C. 2925.03(A)(1) and (C)(4)(f). This was case no. 05-CR-617. On April 20, 2006, appellant was indicted on another count of trafficking in cocaine in violation of R.C.2925.03(A)(1) and (C)(4)(e) in case no. 06-CR-175. Both cases proceeded to trial before a jury on November 14, 2006. Appellant was present on the morning of the first day for jury selection and opening statements by counsel. Appellant did not return to the courtroom, however, after a brief recess for lunch. By 1:30 p.m., when appellant still had not returned to the courtroom, her attorney indicated that she had no explanation for her client's absence. The trial court denied counsel's request for a continuance and addressed the jury as follows:
 {¶ 3} "* * * Please remember the Defendant is presumed innocent until her guilt is established beyond a reasonable doubt. Please remember that the Defendant must be acquitted unless the State produces evidence which convinces you beyond a reasonable doubt of every essential element of the offense charged. As such, the Defendant has a right to be present at this trial. She does not have an obligation to be here. * * *"
 {¶ 4} At the conclusion of the day's testimony, the state asked the court to consider issuing a warrant. Appellant's counsel said she had tried without success to contact appellant by phone during the afternoon break. The court stated it would issue a warrant if appellant had not appeared by 10:30 the following morning. When appellant *Page 3 
failed to appear the following day, a warrant was issued. The trial resumed and at the end of the day the jury returned guilty verdicts on all counts.
 {¶ 5} Sentencing was held on November 29, 2006. At that time, Count 1 in case no. 05-CR-617 was dismissed. The trial court imposed consecutive terms of two years, six years and four years imprisonment on the remaining counts, as well as the mandatory fines and a five-year driver's license suspension. This timely appeal followed.
 {¶ 6} Appellant sets forth the following assignments of error:
 {¶ 7} "I. The trial court committed prejudicial error in permitting a jury trial to proceed in Appellant's absence.
 {¶ 8} "II. Defense counsel's performance of [her] duties [was] deficient in that she made errors so serious that she failed to function as the counsel guaranteed by the Sixth Amendment and Appellant was prejudiced by said errors."
 {¶ 9} In support of her first assignment of error, appellant asserts that her absence from the courtroom was not voluntary within the context of Ohio law and that the trial therefore should not have proceeded without her.
 {¶ 10} In support of her claim, appellant states "it appears that [the absence] was due to a hospitalization." (Emphasis added.) The record reflects that appellant did not inform her attorney that she would not be present in court for the afternoon session or for the second day of trial. Appellant's attorney tried to contact her by phone to no avail. Nothing was heard from appellant until she appeared at her sentencing hearing two weeks later. At that time, her attorney stated that appellant had just told her that during lunch on *Page 4 
the first day of her trial she experienced "extreme anxiety attacks, throwing up, everything else" and went to the hospital, where she was prescribed medication for her anxiety.
 {¶ 11} Crim.R. 43(A) states: "* * * In all prosecutions, the defendant's voluntary absence after the trial has been commenced in his presence shall not prevent continuing the trial to and including the verdict." In the case before us, appellant was present when trial commenced and was in the courtroom at noon when the judge announced the lunch recess and instructed everyone to return at 1:00 p.m. At 1:35 p.m., the court discussed appellant's absence with the prosecutor and defense counsel. Appellant's counsel said she saw appellant and her mother in the parking lot after they recessed for lunch. Counsel had no explanation for her client's absence after lunch. Under such circumstances, the trial court may find the absence to be voluntary because the presumption that the defendant knows of her obligation to attend has gone unrebutted. State v. Carr (1995), 104 Ohio App.3d 699. In this case, no explanation for the absence was offered until appellant's sentencing hearing two weeks later. In a case with very similar facts, the United States Supreme Court stated: "It seems * * * incredible to us, as it did to the Court of Appeals, `that a defendant who flees from a courtroom in the midst of a trial-where judge, jury, witnesses and lawyers are present and ready to continue — would not know that as a consequence the trial could continue in his absence.'"Taylor v. United States (1973), 414 U.S. 17, 20. (Citation omitted.) *Page 5 
 {¶ 12} Upon thorough review of the record of proceedings in this case and the law, we find that the trial court did not err by allowing appellant's trial to continue in her absence. Accordingly, appellant's first assignment of error is not well-taken.
 {¶ 13} In her second assignment of error, appellant asserts that she was denied effective assistance of trial counsel because her attorney did not file an affidavit of indigency prior to sentencing attesting to appellant's inability to pay any mandatory fines. Appellant contends that having appointed counsel for trial and recent eviction from her apartment are evidence of her indigency.
 {¶ 14} To demonstrate a claim of ineffective assistance of counsel, an appellant must show counsel's performance fell below an objective standard of reasonableness and that there is a reasonable probability that but for counsel's errors, the result of the trial would have been different. Strickland v. Washington (1984), 466 U.S. 668, 687.
 {¶ 15} The record reflects that appellant did not file an affidavit of indigency pursuant to R.C. 2929.18(B)(1) prior to sentencing. However, the fact that appellant was determined to be indigent for the purposes of appointed counsel "is separate and distinct from a determination of being indigent for purposes of paying a mandatory fine." State v.Millender, 5th Dist. NO. 03-CA-78, 2004-Ohio-871, ¶ 8, quoting State v.Bolden, 12th Dist. No. CA2003-03-007, 2004-Ohio-184. See, also,State v. Johnson, 6th Dist. No. L-03-1046, 2004-Ohio-2458, ¶ 33. The courts have found a difference between a defendant's inability to raise an initial retainer in order to obtain trial counsel and the ability to gradually pay an imposed mandatory fine over a period of time. State v.Young, *Page 6 
5th Dist. No. 03-CAA-10051, 2004-Ohio-4002, ¶ 16. Therefore, appellant herein cannot rely on the affidavit of indigency for the purpose of receiving appointed trial counsel to demonstrate indigency for the purpose of avoiding having to pay the mandatory fines after her conviction.
 {¶ 16} This court previously held that the failure to file an affidavit of indigency prior to sentencing may constitute ineffective assistance of counsel in a case where the record establishes a reasonable probability that the defendant would be found indigent thereby avoiding the obligation to pay a mandatory fine. State v.Gilmer, 6th Dist. No. OT-01-015, 2002-Ohio-2045. Nonetheless, in a case where there is insufficient evidence in the record to establish that an appellant is indigent and is unable to pay the mandatory fines, this court decided that counsel was not ineffective. State v. Johnson, 6th Dist. No. L-03-1046, 2004-Ohio-2458, ¶ 47.
 {¶ 17} There is a lack of evidence in the record before us to show an inability to pay the mandatory fines. In its decision denying appellant's motion to suppress in this case, the trial court found that appellant was "mentally sound" and described her as "middle-age." There is no evidence in the record of any disabling physical condition that would prevent her from working in the future. Further, the record reflects that on the first day of trial, after the jury had been seated, appellant sought a continuance in order to retain private legal counsel. Appellant told the court that her family had recently come up with the money to hire an attorney. The trial court denied appellant's request, finding *Page 7 
that it was not timely made and that there was no indication of a lack of confidence in appointed counsel's ability to adequately represent appellant.
 {¶ 18} On consideration of the foregoing, we find that the record does not establish a reasonable probability that the appellant would have been found indigent at sentencing. Trial counsel's performance was therefore not deficient. Accordingly, appellant's claim of ineffective assistance of counsel must fail and her second assignment of error is found not well-taken.
 {¶ 19} On consideration whereof, the judgment of the Wood County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Wood County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
 Arlene Singer, J., William J. Skow, J., Thomas J. Osowik, J., CONCUR. *Page 1