OPINION
{¶ 1} Defendant-appellant, Wendell Burnett, appeals from a judgment of the Franklin County Court of Common Pleas denying his request to vacate the fine imposed upon him as a result of his cocaine possession conviction and for the return of all funds paid. For the following reasons, we affirm the judgment of the trial court.
 {¶ 2} In September 2001, defendant was charged with one count of possession of cocaine in violation of R.C. 2925.11. Defendant pled not guilty, and the case proceeded to trial. A jury found defendant guilty as charged, and the trial court sentenced defendant to eight years in prison. The trial court also declared defendant to be indigent, *Page 2 
and it imposed a fine of $10,000. Defendant appealed his conviction, and this court affirmed. See State v. Burnett, Franklin App. No. 02AP-863, 2003-Ohio-1787. The Supreme Court of Ohio declined jurisdiction. SeeState v. Burnett, 99 Ohio St.3d 1515, 2003-Ohio-3957. On August 4, 2003, defendant filed an application to reopen his direct appeal pursuant to App. R. 26(B), alleging that his appellate counsel failed to argue insufficiency of the evidence and assert a double jeopardy claim. On September 25, 2003, this court denied defendant's application for reopening. See State v. Burnett (Sept. 25, 2003), Franklin App. No. 02AP-863 (Memorandum Decision). The Supreme Court again declined jurisdiction. See State v. Burnett, 100 Ohio St.3d 1485, 2003-Ohio-5992.
 {¶ 3} By letter, dated February 13, 2008, and addressed to the Franklin County Clerk of Courts, defendant challenged the collection of the fine that was imposed by the trial court and requested that the imposed fine be vacated and that all funds paid be returned. On March 10, 2008, the trial court filed a decision and entry denying defendant's request. Defendant appeals to this court from this denial and asserts the following single assignment of error for our review:
 The trial court erred and thereby deprived Appellant of due process of law by the Fourteenth Amendment to the United States Constitution and comparable provision of the Ohio Constitution by overruling Appellant's] affidavit to waive fines pursuant to R.C. 2929.18(B)(1).
 {¶ 4} In this appeal, defendant challenges the trial court's denial of his request to vacate the imposed fine and for the return of all funds paid. Defendant argues that, because he was declared indigent, it was error for the trial court to impose the $10,000 fine. *Page 3 
 {¶ 5} Under the doctrine of res judicata, a final judgment bars a convicted defendant from "raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment." State v. Perry (1967), 10 Ohio St.2d 175, paragraph nine of the syllabus. Defendant did not challenge the imposed fine on direct appeal, even though he could have. Thus, the doctrine of res judicata precludes defendant from raising this issue now. SeeState v. McDowell, Mercer App. No. 10-06-34, 2007-Ohio-5486; State v.Ybarra, Putnam App. No. 12-05-05, 2005-Ohio-4913.
 {¶ 6} In addition to being barred by res judicata, defendant's challenge to the imposition of the fine lacks merit. R.C. 2929.18(B)(1) provides as follows:
 For a first * * * degree felony violation of any provision of Chapter 2925. * * * of the Revised Code, the sentencing court shall impose upon the offender a mandatory fine of at least one-half of, but not more than, the maximum statutory fine amount authorized for the level of the offense pursuant to division (A)(3) of this section. If an offender alleges in an affidavit filed with the court prior to sentencing that the offender is indigent and unable to pay the mandatory fine and if the court determines the offender is an indigent person and is unable to pay the mandatory fine described in this division, the court shall not impose the mandatory fine upon the offender.
The maximum statutory fine amount authorized for a first degree felony is $20,000. See R.C. 2929.18(A)(3). Here, the trial court imposed a fine in the amount of $10,000, or one-half of the maximum statutory fine amount authorized for a first-degree felony.
 {¶ 7} Defendant, relying upon State v. Smith (1991),75 Ohio App.3d 73, argues that it was error for the trial court to impose a fine because he was found to be indigent. *Page 4 
In Smith, the court held that it was error for the trial court to impose a fine when the defendant was indigent. Similarly, in State v.Slider (1980), 70 Ohio App.2d 283, this court found it inappropriate for a trial court to fine an indigent offender. However, these cases relied upon statutory language that is no longer in effect. See State v.Northam (1999), Franklin App. No. 98AP-1592.
 {¶ 8} A sentencing court is no longer automatically barred by statute from imposing a fine upon an indigent offender. Northam. "[A]n offender who files an affidavit alleging that he or she is indigent and is unable to pay a mandatory fine is not automatically entitled to a waiver of that fine." (Emphasis sic.) State v. Gipson (1998), 80 Ohio St.3d 626,634. R.C. 2929.18(B)(1) requires the imposition of a fine unless (1) the offender's affidavit is filed prior to sentencing, and (2) the trial court finds that the offender is an indigent person and is unable to pay the mandatory fines. Id. In Gipson, the Supreme Court of Ohio resolved that the "required filing of an affidavit of indigency for purposes of avoiding a mandatory fine is, in effect, a jurisdictional issue." Id. at 634.
 {¶ 9} In October 2001, defendant filed an affidavit of indigency, wherein he averred that he was financially unable to retain private counsel to defend him in the matter. Counsel was appointed for defendant in view of this affidavit. However, a determination that a defendant is indigent for purposes of employing counsel "`is separate and distinct from a determination of being indigent for purposes of paying a mandatory fine.'" State v. Banks, Lucas App. No. WD-06-094,2007-Ohio-5311, at ¶ 15, quoting State v. Millender, Fairfield App. No. 03-CA-78, 2004-Ohio-871, ¶ 8. There is a "difference between a defendant's inability to raise an initial retainer in order to obtain trial counsel and the ability to gradually pay an imposed mandatory fine over a period of time." *Page 5 Banks, at ¶ 15, citing State v. Young, Delaware App. No. 03-CAA-10051,2004-Ohio-4002. In this case, defendant did not file with the court prior to sentencing an affidavit alleging that he was indigent and unable to pay the mandatory fine. Without the filing of said affidavit prior to sentencing, the trial court was required to impose a fine of at least $10,000. See R.C. 2929.18(B)(1); Gipson.[1]
 {¶ 10} For these reasons, we overrule defendant's single assignment of error. Having overruled defendant's single assignment of error, we affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
 KLATT and SADLER, JJ., concur.
[1] Pursuant to R.C. 2929.18(G), the trial court may suspend defendant's fine after he "has completed all other sanctions upon" him. See Northam. *Page 1