[Cite as *State v. Russia*, 2013-Ohio-4125.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | CASE NO.   CA2013-01-003 |
| | : | O P I N I O N |
| - vs - | | 9/23/2013 |
| | : | |
| WILLIAM J. RUSSIA, | : | |
| Defendant-Appellant. | : | |

CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2012-05-0819

Michael T. Gmoser, Butler County Prosecuting Attorney, Michael A. Oster, Jr., Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for plaintiff-appellee

Brandabur & Bowling Co., L.P.A., Jeffrey W. Bowling, 315 South Monument Avenue, Hamilton, Ohio 45011, for defendant-appellant

**RINGLAND, P.J.**

{¶ 1} Defendant-appellant, William Russia, appeals his sentence from the Butler County Court of Common Pleas for drug trafficking.

{¶ 2} On June 4, 2012, Russia was indicted on the following charges: (1) three counts of trafficking in drugs in violation of R.C. 2925.03(A)(1), felonies of the first degree; (2) two counts of trafficking in drugs in violation of R.C. 2925.03(A)(1), felonies of the second

degree; (3) two counts of trafficking in drugs in violation of R.C. 2925.03(A)(1), felonies of the third degree; (4) two counts of trafficking of drugs in violation of R.C. 2925.03(A)(1), felonies of the fourth degree; and (5) one count of trafficking in drugs in violation of R.C. 2925.03(A)(1), a felony of the fifth degree.

{¶ 3} On November 13, 2012, Russia pled guilty to one count of aggravated trafficking in drugs, a felony of the third degree, one count of trafficking in heroin, a felony of the second degree, and one count of trafficking in heroin, a felony of the first degree, all in violation of R.C. 2925.03(A)(1).

{¶ 4} On December 11, 2012, Russia was sentenced to 24 months in prison for the aggravated trafficking in drugs conviction, along with a $5,000 fine. He was sentenced to five years in prison for the second-degree trafficking conviction, along with a $7,500 fine. And finally, Russia was sentenced to six years in prison for the first-degree trafficking conviction, along with a $10,000 fine. All of the prison terms were to run concurrently. Russia was also ordered to pay restitution in the amount of $900 as well as the cost of prosecution.

{¶ 5} On January 3, 2013, Russia appealed his sentence, raising the following assignment of error for our review:

{¶ 6} Assignment of Error No. 1:

{¶ 7} DEFENSE COUNSEL WAS INEFFECTIVE FOR FAILING TO FILE AN AFFIDAVIT OF INDIGENCY PRIOR TO APPELLANT'S SENTENCING HEARING AND FOR FAILING TO ACCEPT THE TRIAL COURT'S OFFER TO CONTINUE MATTER [SIC] FOR DEFENSE COUNSEL TO BRIEF THE ISSUE FOR THE COURT'S REVIEW.

{¶ 8} This court has held that it will not find ineffective assistance of counsel for failure to file an affidavit of indigency where an appellant fails to show a reasonable probability that the trial court would have found him indigent and unable to pay the fine had the affidavit been filed. *State v. Anderson*, 12th Dist. Fayette No. CA2008-07-026, 2009-

Ohio-2521, ¶ 36; *State v. Botos*, 12th Dist. Butler No. CA2004-06-145, 2005-Ohio-3504, ¶ 28-30; *State v. Burnett*, 10th Dist. Franklin No. 08AP-304, 2008-Ohio-5224, ¶ 8-9 (defendant filing affidavit is not automatically entitled to a waiver of fine); *State v. Banks*, 6th Dist. Lucas Nos. WD-06-094, WD-06-095, 2007-Ohio-5311, ¶ 16-18 (no evidence in record that defendant had condition that would prevent her from working in the future, in addition, record reflects that defendant had the ability to retain private legal counsel); see R.C. 2929.18(B); *Strickland v. Washington* (1984), 466 U.S. 668, 687-88, 104 S.Ct. 2052.

{¶ 9} In the present case, the trial court confirmed that there was, "no physical reason, Mr. Russia, that you cannot work, is there?" Russia responded, "[n]o, sir." The trial court repeated this questioning to Russia later, asking about his "ability to work and he indicated that he does have the ability to work; is that correct, Mr. Russia?" Russia again responded in the affirmative.

{¶ 10} In addition, the trial court had available Russia's presentence investigative report, which detailed his youthful age and education. That information, combined with Russia's acknowledgement that he would be capable of working in the future, allowed the trial court to find that Russia had future earning capabilities that would allow him to pay the fines attached to his sentence.

{¶ 11} Accordingly, we cannot find ineffective assistance of counsel for failure to file an affidavit of indigency where Russia has not shown a reasonable probability that the trial court would have found him indigent had the affidavit been filed.

{¶ 12} The assignment of error is overruled.

{¶ 13} Judgment affirmed.

PIPER and M. POWELL, JJ., concur.