[Cite as *State v. Windon*, 2021-Ohio-617.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
SANDUSKY COUNTY

State of Ohio                                          Court of Appeals No. S-20-012

     Appellee                                     Trial Court No. 19 CR 306

v.

Jonathan W. Windon                            **DECISION AND JUDGMENT**

     Appellant                                    Decided:  March 5, 2021

* * * * *

Beth A. Tischler, Sandusky County Prosecuting Attorney, and
Alexis M. Hotz, Assistant Prosecuting Attorney, for appellee.

James H. Ellis III, for appellant.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} Appellant, Jonathan Windon, appeals the judgment of the Sandusky County
Court of Common Pleas, convicting him following a plea of guilty to one count of
aggravated possession of drugs, and sentencing him to serve 36 months in prison and
ordering him to pay a $5,000 fine.  For the reasons that follow, we reverse.

## I. Facts and Procedural Background

{¶ 2} On May 3, 2019, the Sandusky County Grand Jury returned a two-count indictment charging appellant with one count of aggravated trafficking in drugs in violation of R.C. 2925.03(A)(2) and (C)(1)(c), a felony of the third degree, and one count of aggravated possession of drugs in violation of R.C. 2925.11(A) and (C)(1)(b), a felony of the third degree.

{¶ 3} On August 27, 2019, appellant withdrew his initial plea of not guilty, and entered a plea of guilty to the count of aggravated possession of drugs. In exchange, the state agreed to dismiss the count of aggravated trafficking in drugs.[1] Following a detailed Crim.R. 11 plea colloquy, the trial court accepted appellant's plea, found him guilty, and continued the matter for the preparation of a presentence investigation report.

{¶ 4} Appellant failed to appear for the presentence investigation report. Appellant also failed to appear for the initial sentencing hearing.

{¶ 5} Ultimately, a sentencing hearing was held on February 3, 2020. At the sentencing hearing, the trial court heard statements from the state, appellant's counsel, and appellant. The court then described its consideration of the principles and purposes of sentencing under R.C. 2929.11, and the seriousness and recidivism factors under R.C. 2929.12. Relevant here, as part of its consideration of the factors under R.C. 2929.12(D), the trial court noted that the offense was committed while appellant was on bail or under

---

[1] The state also agreed to dismiss the single count of possession of drugs separately charged in case No. 19 CR 403.

a community control sanction. Based upon its considerations, the trial court ordered appellant to serve a 36-month prison sentence.

{¶ 6} Immediately after stating that it was imposing the 36-month prison sentence, the trial court stated,

> The Court is not going to impose a fine due to your indigency. You will be required to pay the cost of – court costs of this case and your court appointed attorney's fees. With respect to the attorney's fees, the Court's going to make the finding that you do have the ability or will have the ability to pay on those given your employment history as outlined in the P.S.I., and there's really no reason why you can't be employed once released from prison.

At this point, the state interjected, and reminded the court of the mandatory nature of the fine. The court responded, "Okay. Yeah, the Court is duty-bound to impose a – a mandatory minimum fine of $5,000 * * * and you will be required to pay that."

## II. Assignments of Error

{¶ 7} Appellant has timely appealed his judgment of conviction, and now asserts two assignments of error for our review:

> 1. Appellant was denied effective assistance of counsel in violation of his Sixth Amendment rights.

3.

2.  The court misapplied Revised Code 2929.12(D) by finding that appellant had committed the offense while on community control, when he was not.

### III.  Analysis

**{¶ 8}** In his first assignment of error, appellant argues that his trial counsel was ineffective.  To prevail on a claim of ineffective assistance of counsel, appellant must satisfy the two-prong test developed in *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).  That is, appellant must demonstrate that counsel's performance fell below an objective standard of reasonableness, and a reasonable probability exists that, but for counsel's error, the result of the proceedings would have been different.  *Id.* at 687-688, 694.

**{¶ 9}** Appellant specifies that trial counsel was ineffective for failing to file an affidavit of indigency prior to sentencing for purposes of avoiding the mandatory fine required by R.C. 2925.11(E)(1)(a) and 2929.18(B)(1).

**{¶ 10}** R.C. 2925.11(E)(1)(a) states that "[i]f the violation is a felony of the first, second, or third degree, the court shall impose upon the offender the mandatory fine specified for the offense under division (B)(1) of section 2929.18 of the Revised Code unless, as specified in that division, the court determines that the offender is indigent." R.C. 2929.18(B)(1) provides,

> For a first, second, or third degree felony violation of any provision
>
> of Chapter 2925., 3719., or 4729. of the Revised Code, the sentencing court

4.

shall impose upon the offender a mandatory fine of at least one-half of, but not more than, the maximum statutory fine amount authorized for the level of the offense pursuant to division (A)(3) of this section. *If an offender alleges in an affidavit filed with the court prior to sentencing that the offender is indigent and unable to pay the mandatory fine and if the court determines the offender is an indigent person and is unable to pay the mandatory fine described in this division, the court* shall not impose the mandatory fine *upon the offender*. (Emphasis added.)

Here, appellant was convicted of aggravated possession of drugs in violation of R.C. 2925.11(A) and (C)(1)(b), a felony of the third degree. Under R.C. 2929.18(A)(3), that offense is subject to a fine of "not more than ten thousand dollars." Thus, pursuant to R.C. 2925.11(E)(1)(a) and 2929.18(B)(1), the court was required to impose a mandatory fine of at least one-half of that amount, i.e., $5,000, unless the court determined that appellant was indigent.

{¶ 11} "Courts in Ohio have held that the failure to file an affidavit alleging a defendant's indigency and inability to pay a mandatory fine only constitutes ineffective assistance of counsel when the record shows a reasonable probability that the trial court would have found the defendant indigent and unable to pay the fine had the affidavit been filed." *State v. Gilmer*, 6th Dist. Ottawa No. OT-01-015, 2002 WL 737060, *2 (Apr. 26, 2002); *State v. Banks*, 6th Dist. Wood Nos. WD-06-094, WD-06-095, 2007-Ohio-5311, ¶ 16 ("[T]he failure to file an affidavit of indigency prior to sentencing may constitute

5.

ineffective assistance of counsel in a case where the record establishes a reasonable probability that the defendant would be found indigent thereby avoiding the obligation to pay a mandatory fine."); *State v. Beard*, 6th Dist. Sandusky No. S-19-018, 2020-Ohio-3393, ¶ 7 ("Failure to file the R.C. 2929.18(B)(1) affidavit of indigency constitutes ineffective assistance of counsel * * * if there is sufficient evidence in the record demonstrating that the trial court would have found the offender was indigent and unable to pay the fine.").

{¶ 12} In this case, appellant argues that a reasonable probability exists that had trial counsel filed the affidavit, appellant would have been found indigent. In support, appellant cites the trial court's original intention not to impose the mandatory fine—"The Court is not going to impose a fine due to your indigency"—as contrasted with the court's determination that appellant would be able to pay his attorney's fees. It was only after the state interjected that the trial court reversed course and imposed the mandatory fine, albeit without any further discussion on appellant's indigency.

{¶ 13} Furthermore, appellant argues that the record supports a determination that he is indigent. The sentencing hearing and presentence investigation report describe an individual that has a serious and persistent drug problem. Although appellant did not appear for his presentence investigation interviews, the report included information from a prior presentence investigation report completed in 2013. As to his education, appellant did not graduate from high school and has not obtained his G.E.D., and appellant indicated at the plea hearing that he dropped out of school in the ninth grade. As to his

6.

employment history, the presentence investigation report indicates that appellant was employed between 2000 and 2012 as a carpenter, but there is no indication in the record of any lawful employment since that time. Finally, there is nothing in the record that would demonstrate that appellant has any assets with which he could pay the fine.

{¶ 14} The state, on the other hand, argues that there is no evidence that would show a reasonable probability that the trial court would have found appellant indigent had an affidavit of indigency been filed. In so arguing, the state relies on the trial court's comment that "the Court's going to make the finding that you do have the ability or will have the ability to pay on those given your employment history as outlined in the P.S.I., and there's really no reason why you can't be employed once released from prison." We note, however, that this statement was made regarding appellant's ability to pay his attorney's fees, and was made after the court expressly declined to impose the mandatory fine because of appellant's indigency. The state also relies on the fact that there is no evidence in the record that appellant has any disabling physical condition that would prevent him from working in the future.

{¶ 15} Both parties rely on several cases from this court addressing the issue of whether trial counsel was ineffective for failing to file an affidavit of indigency.

{¶ 16} In *Gilmer*, 6th Dist. Ottawa No. OT-01-015, 2002 WL 737060 (Apr. 26, 2002), we held that trial counsel was ineffective for failing to submit an affidavit of indigency. We reasoned that it was "reasonable to conclude that [Gilmer], age forty-eight and cocaine dependent at the time of sentencing, facing nine years of incarceration

7.

and a $10,000 fine, could have proven himself indigent had he submitted a proper affidavit of indigency." *Id.* at *2.

{¶ 17} Contrasting *Gilmer*, in *State v. Johnson*, 6th Dist. Lucas No. L-03-1046, 2004-Ohio-2458, ¶ 47, we held that the defendant failed to demonstrate a reasonable probability that the trial court would have found him indigent. In that case, there was simply no information in the record about the defendant's financial status except for his statement at arraignment that he did not have the funds available to hire an attorney. *Id.*

{¶ 18} Like *Johnson*, in *Banks*, 6th Dist. Wood Nos. WD-06-094, WD-06-095, 2007-Ohio-5311, at ¶ 17, we found that there was a lack of evidence to show an inability to pay the mandatory fines. In that case, the only information in the record was that the trial court had found the defendant to be "mentally sound" and "middle-age." *Id.* There was no evidence of any disabling physical condition that would prevent the defendant from working. In addition, the defendant had earlier sought a continuance to retain private legal counsel, stating that her family had recently come up with the money to hire an attorney. *Id.* Thus, we held that the record did not establish a reasonable probability that the defendant would have been found indigent at sentencing. *Id.* at ¶ 18.

{¶ 19} Finally, in *Beard*, 6th Dist. Sandusky No. S-19-018, 2020-Ohio-3393, at ¶ 9, we held that there was no evidence in the record that would indicate that the trial court would have found the defendant indigent and unable to pay the mandatory fines. There, the defendant was gainfully employed at the time of his arrest, was 35 years old, had completed five years of college and was set to graduate after completing another

8.

29 hours, and was described as "bright," "hard working," "fair and honest," and "intelligent." *Id.* at ¶ 8.

{¶ 20} Applying that precedent here, we find this case to be most analogous to *Gilmer*. Unlike *Johnson* and *Banks*, the record contained at least some information regarding appellant's education and employment history. Furthermore, like *Gilmer*, and unlike *Beard*, appellant did not appear to be exceedingly employable. Appellant was 41 years old at the time of sentencing, had extensive drug dependency issues, did not have even a high school education or equivalent, and his last recorded employment was seven years ago. Most compellingly, though—and what distinguishes this case from the others—is that the trial court already indicated its willingness to waive the fine on account of appellant's indigency. It was only after the state interjected that the trial court, for unspecified reasons, reversed its position and imposed the fine.

{¶ 21} We acknowledge that appellant's education, employment history, and financial status is incomplete based upon his failure to be interviewed for the presentence investigation report. However, appellant is not required to prove to this court that he is indigent, he is only required to demonstrate that a reasonable probability exists that he would have been found indigent had trial counsel filed the affidavit of indigency prior to sentencing. Based on the record before us, we find that appellant has satisfied that burden. Therefore, we hold that trial counsel's performance fell below an objective standard of reasonableness, and had the affidavit been filed, a reasonable probability

9.

exists that the trial court would have found appellant indigent, and would not have imposed the $5,000 fine.

{¶ 22} Accordingly, appellant's first assignment of error is well-taken.

{¶ 23} In his second assignment of error, appellant argues that the trial court made an erroneous finding under R.C. 2929.12(D)(1) that appellant committed the offense while on bail or community control. Appellant contends that his probation was terminated on March 18, 2019, when he was released from prison, and that the instant offense did not occur until March 24, 2019. Although the validity of those assertions are not clear from the record, the state does not challenge them. Instead, the state argues that the trial court's finding under R.C. 2929.12(D)(1) was but one of the factors the trial court considered in imposing a 36-month prison sentence, and that the remaining factors still support such a sentence.

{¶ 24} We review criminal sentences under the standard set forth in R.C. 2953.08(G)(2). *State v. Tammerine*, 6th Dist. Lucas No. L-13-1081, 2014-Ohio-425, ¶ 16. R.C. 2953.08(G)(2) allows us to "increase, reduce, or otherwise modify a sentence," or "vacate the sentence and remand the matter to the sentencing court for resentencing" if we clearly and convincingly find either "(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant," or "(b) That the sentence is otherwise contrary to law."

10.

**{¶ 25}** In support of his argument, appellant relies on *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 23, in which the Ohio Supreme Court stated,

> [I]t is fully consistent for appellate courts to review those sentences that are imposed solely after consideration of the factors in R.C. 2929.11 and 2929.12 under a standard that is equally deferential to the sentencing court. That is, an appellate court may vacate or modify any sentence that is not clearly and convincingly contrary to law only if the appellate court finds by clear and convincing evidence that the record does not support the sentence.

However, recently, the Ohio Supreme Court in *State v. Jones*, Slip Opinion No. 2020-Ohio-6729, ¶ 42, relegated that language in *Marcum* to dicta, and clarified that "[n]othing in R.C. 2953.08(G)(2) permits an appellate court to independently weigh the evidence in the record and substitute its judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12."

**{¶ 26}** The Ohio Supreme Court reasoned in *Jones* that "R.C. 2953.08(G)(2)(a) permits an appellate court to modify or vacate a sentence if it clearly and convincingly finds that 'the record does not support the sentencing court's findings under' certain specified statutory provisions. But R.C. 2929.11 and 2929.12 are not among the statutory provisions listed in R.C. 2953.08(G)(2)(a)." *Id.* at ¶ 28.

11.

{¶ 27} Further, the court determined that "an appellate court's conclusion that the record does not support a sentence under R.C. 2929.11 or 2929.12 is not the equivalent of a conclusion that the sentence is 'otherwise contrary to law' as that term is used in R.C. 2953.08(G)(2)(b)." *Id.* at ¶ 34. In reaching this determination, the Supreme Court of Ohio examined the history of R.C. 2953.08(G), noting that prior versions of the statute provided for appellate court intervention where "[T]he record does not support the sentence," but that provision was eliminated in the current version. *Id.* at ¶ 35-36. The court also noted that both the prior and current versions included a provision for where "[T]he sentence is otherwise contrary to law." *Id.* The court reasoned that a review of the trial court's factual findings under R.C. 2929.11 and 2929.12 would have fallen under the prior provision where "[T]he record does not support the sentence," and because that provision was eliminated while the provision for where "[T]he sentence is otherwise contrary to law" remained the same, the court concluded, "R.C. 2953.08(G)(2)(b) therefore does not provide a basis for an appellate court to modify or vacate a sentence based on its view that the sentence is not supported by the record under R.C. 2929.11 and 2929.12." *Id.* at ¶ 39.

{¶ 28} Therefore, pursuant to *Jones*, R.C. 2953.08(G)(2) does not permit us to review the trial court's factual findings under R.C. 2929.12.

{¶ 29} Accordingly, appellant's second assignment of error is not well-taken.

12.

## IV. Conclusion

{¶ 30} For the foregoing reasons, we find that substantial justice has not been done the party complaining, and the judgment of the Sandusky County Court of Common Pleas is reversed as to the sentence and imposition of the mandatory fine. The matter is remanded to the trial court for resentencing, and to give appellant an opportunity to file an affidavit of indigency prior to sentencing. Appellee, the state of Ohio, is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment reversed<br>and remanded.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.             _____
                                                                    JUDGE

Thomas J. Osowik, J.                  _____

Myron C. Duhart, J.                                                                     JUDGE
CONCUR.

                                                                     _____
                                                                     JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.