[Cite as *State v. Perrin*, 2022-Ohio-4310.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY


State of Ohio                                               Court of Appeals No. L-22-1017

      Appellee                                          Trial Court No.  CR0202002218

v.

Tony Perrin                                                **DECISION AND JUDGMENT**

      Appellant                                         Decided:  December 2, 2022

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Lorrie J. Rendle, Assistant Prosecuting Attorney, for appellee.

Brian A. Smith, for appellant.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} Defendant-appellant, Tony Perrin, appeals the December 21, 2021 judgment of the Lucas County Court of Common Pleas which, following his guilty plea to trafficking in cocaine, sentenced him to a minimum mandatory prison term of five years. Because we find no error, we affirm.

## I. Facts

{¶ 2} Appellant was indicted on October 6, 2020 for trafficking in cocaine, a first degree felony, and illegal conveyance of drugs on the grounds of a specified governmental facility, a third degree felony. The charges stemmed from an incident on December 21, 2019, where, after a traffic stop was initiated following a shoplifting incident, appellant was discovered with 21 grams of marijuana in his vehicle; crack cocaine was also found as well as a large sum of cash. Once booked into the jail, 29.79 grams of crack cocaine was found in appellant's groin area.

{¶ 3} On August 17, 2021, appellant entered a guilty plea to the amended charge of trafficking in cocaine, a second-degree felony, and the state agreed it would dismiss the illegal conveyance charge. Appellant was informed of the agreed-upon sentence which was a mandatory two-year prison term and the indefinite one-year portion of the term. Appellant was also informed of the minimum and maximum prison terms for the offenses. Appellant acknowledged the $6,757.40 civil forfeiture as well as the minimum mandatory fine of $7,500, with a maximum fine of $15,000.

{¶ 4} Appellant failed to appear at the sentencing hearing scheduled for October 5, 2021. A warrant was issued and bond was set at $30,000, no ten per cent. Appellant posted bond on November 9. Appellant arrived late to the November 16 pretrial and bond was reset at $150,000, no ten per cent, on each of the two counts and he was placed on electronic monitoring. Appellant posted the $300,000 bond. Appellant again failed to

2.

appear at his sentencing on December 14, 2021, and bond was revoked; appellant was remanded into custody.

{¶ 5} At appellant's December 21, 2021 sentencing hearing, the court first noted that the court was no longer bound by the agreed-upon, two-year sentence because appellant failed to appear in court and violated his bond conditions. Appellant's counsel acknowledged that appellant's reasons for failing to appear in court were not credible and that he lost an "immense amount of money" when he forfeited bond. The state then requested that a nolle prosequi be entered as to the illegal conveyance charge and that the $6,757.40 be forfeited.

{¶ 6} Addressing appellant, the court then noted that his attorney worked "very hard for you on your behalf to negotiate that 2-year sentence, and one person and only one person blew that sentence, and that's you, in failing to come to court for your sentence, and then failing to abide by the conditions of the bond that this court set."

{¶ 7} In sentencing appellant, the court noted that it was appellant's third felony conviction and eighteenth adult misdemeanor conviction. The court then sentenced him to a mandatory five-year imprisonment term with a maximum term of seven and one-half years. The court further imposed a mandatory fine of $7,500. This appeal followed.

## II. Assignments of Error

I. The trial court's sentence of Appellant was contrary to law for not properly considering the principles and purposes of felony sentencing under R.C. 2929.11 or the seriousness and recidivism factors under R.C. 2929.12.

II. The failure of Appellant's trial counsel to file an affidavit of indigency and seek a waiver of the mandatory fine imposed under R.C. 2925.11(E)(1)(a) and 2929.18(B)(1) constituted ineffective assistance of counsel under the Sixth and Fourteenth Amendments to the United States Constitution and Article I, Section 10 of the Ohio Constitution.

III. R.C. 2967.[2]71, also known as the "Reagan Tokes Act," which allows the Ohio Department of Rehabilitation and Correction to unilaterally extend Appellant's sentence, is unconstitutional under both the United States Constitution, Arts. I, II. and III, and Amends.V, VI and XIV, and the Ohio Constitution, Art. I, § 10, and Art. IV, §§ 1 and 3(B)(2).

## III. Discussion

{¶ 8} In appellant's first assignment of error he asserts that his sentence is contrary to law because the court failed to properly consider the principles and purposes of felony sentencing, R.C. 2929.11, or the seriousness and recidivism factors under R.C. 2929.12. Appellant contends that he was sentenced to five years in prison solely due to a bond violation.

4.

{¶ 9} The court reviews criminal sentences under R.C. 2953.08(G)(2) which allows us to "increase, reduce, or otherwise modify a sentence," or "vacate the sentence and remand the matter to the sentencing court for resentencing" if we clearly and convincingly find either "(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant," or "(b) That the sentence is otherwise contrary to law."

{¶ 10} Here, appellant argues that the trial court's imposition of the five-year prison sentence does not achieve the principles and purposes of sentencing under R.C. 2929.11, and that the court improperly weighed various factors under R.C. 2929.12. Appellant asserts that the sentence was retribution for his failure to appear before the court on multiple occasions based upon the discussion at sentencing.

{¶ 11} The Ohio Supreme Court has clarified that "[n]othing in R.C. 2953.08(G)(2) permits an appellate court to independently weigh the evidence in the record and substitute its judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12." *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, ¶ 42. We acknowledge, however, that the Ohio Supreme Court recently found that a sentencing court acted contrary to law when it increased a defendant's sentence by six years, immediately after the initial sentencing and following an outburst in court. *State v. Bryant*, Slip Opinion No. 2022-Ohio-1878. In

*Bryant*, the court explained that the *Jones* limitation on an appellate court's interpretation that the factors under R.C. 2929.11 , 2929.12, did not support the trial court's sentence, did not prevent appellate review and reversal of a sentence based upon "impermissible considerations." *Id.* at ¶ 22. The court concluded that "when a trial court imposes a sentence based on factors or considerations that are extraneous to those that are permitted by R.C. 2929.11 and 2929.12, that sentence is contrary to law." *Id.*

{¶ 12} In the present matter, at sentencing trial counsel acknowledged that because appellant failed to appear at sentencing and violated the terms of his bond, the court was no longer bound by the two-year joint sentencing recommendation. The court specifically noted that "the court's sentence today considers only the underlying charge" and that the bond violations would be more relevant to a possible community control sentence for which appellant was not eligible.

{¶ 13} In sentencing appellant, the court stated that it considered R.C. 2929.11 and 2929.12. The court then sentenced appellant to a five-year mandatory prison term specifically noting his extensive criminal record. After careful review of the record, we find no "impermissible considerations" of the nature espoused in *Bryant*, *supra*. Appellant's sentence is not contrary to law and, accordingly, appellant's first assignment of error is not well-taken.

{¶ 14} In his second assignment of error, appellant argues that trial counsel was ineffective in failing to file an affidavit of indigency seeking a waiver of the mandatory

6.

fine imposed under R.C. 2925.11(E)(1)(a) and 2929.18(B)(1), as there was a reasonable probability that appellant would have been found indigent. Appellant asserts this argument based on the "substantial financial loss" he suffered by forfeiting his bond and the fact of his mandatory five-year sentence. Appellant further states that although he retained counsel, it was early in the proceedings, October 2020, and that one could not infer that his financial resources in December 2021, were unaltered.

{¶ 15} In order to prove that trial counsel was ineffective, an appellant must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced the defense such that, absent the deficient representation, the outcome of the proceeding would likely have been different. *Strickland v. Washington*, 466 U.S. 668, 686, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Thus, appellant must demonstrate that had trial counsel filed an affidavit of indigency, there was a reasonable probability that he would have been found indigent.

{¶ 16} R.C. 2925.11(E)(1)(a) states that "[i]f the violation is a felony of the first, second, or third degree, the court shall impose upon the offender the mandatory fine specified for the offense under division (B)(1) of section 2929.18 of the Revised Code unless, as specified in that division, the court determines that the offender is indigent." R.C. 2929.18(B)(1) provides:

> For a first, second, or third degree felony violation of any provision
>
> of Chapter 2925., 3719., or 4729. of the Revised Code, the sentencing court

7.

shall impose upon the offender a mandatory fine of at least one-half of, but not more than, the maximum statutory fine amount authorized for the level of the offense pursuant to division (A)(3) of this section. If an offender alleges in an affidavit filed with the court prior to sentencing that the offender is indigent and unable to pay the mandatory fine and if the court determines the offender is an indigent person and is unable to pay the mandatory fine described in this division, the court shall not impose the mandatory fine upon the offender.

{¶ 17} Here, appellant was convicted of trafficking in cocaine in violation of R.C. 2925.03(A)(2) and (C)(4)(e), a felony of the second degree. Under R.C. 2929.18(A)(2), that offense is subject to a fine of "not more than fifteen thousand dollars." Thus, pursuant to R.C. 2925.11(E)(1)(a) and 2929.18(B)(1), the court was required to impose a mandatory fine of at least one-half of that amount, $7,500, unless the court determined that appellant was indigent.

{¶ 18} On multiple occasions this court has addressed the issue of whether trial counsel was ineffective by failing to file an affidavit of indigency on behalf of his or her client in regards to the imposition of a mandatory fine. *See State v. Windon*, 6th Dist. Sandusky No. S-20-012, 2021-Ohio-617 (analyzing several Sixth Appellate District cases.) This court has examined factors such as employment history, education, whether

the defendant had retained counsel or had previously been found indigent and appointed counsel, age, and length of prison term.

{¶ 19} In the present matter appellant argues that the forfeiture of his bond, demonstrating substantial financial loss, combined with his incarceration shows that the court would have found him to be indigent. Appellant further claims that although he retained counsel, the fact that over a year had passed since his arraignment fails to support his present ability to pay.

{¶ 20} Conversely, the state argues that the presentence investigation report prepared in the matter showed that on the date of appellant's sentencing he was 35 years old and had been employed for seven years. There was no indication that he suffered any disability that would prevent him from seeking employment following release from prison. Finally, the state asserts that appellant's ability to forfeit two large bonds evidences his financial solvency.

{¶ 21} In the present case, we find that appellant was 35 at the time of sentencing and had been employed for seven years at the same company and was also self-employed doing odd jobs. Appellant stated that he had rods in his leg which impacted his walking, that he was a diabetic, and that he was suffering from depression. Appellant retained counsel during the pendency of the appeal and forfeited two bonds during the proceedings.

9.

**{¶ 22}** Based on the foregoing, we conclude that appellant has the ability to maintain employment following his release from prison and, thus, there is no reasonable probability that the court would have found appellant indigent and waived the mandatory fine under R.C. 2929.18(B)(1). Appellant's second assignment of error is not well-taken.

**{¶ 23}** In his third and final assignment of error appellant argues that the Reagan Tokes Act, R.C. 2967.271, violates the separation of powers doctrine because it grants the Ohio Department of Rehabilitation and Correction (ODRC) the power to unilaterally extend appellant's sentence beyond the mandatory minimum. This issue has been decided by this court. *See State v. Stenson*, 2022-Ohio-2072, 190 N.E.3d 1240 (6th Dist.) In *Stenson*, rejecting the argument that the ODRC's ability to rebut the presumptive minimum sentence violates the separation of powers doctrine, we found that like the discretionary system of parole and postrelease control controlled by the parole board and found constitutional, the ODRC has the ability to extend the minimum sentence of a defendant up to but not exceeding the maximum sentence that was imposed by the court. *Id.* at ¶ 20. *See also State v. Gifford*, 6th Dist. Lucas No. L-21-1201, 2022-Ohio-1620, ¶ 36. Accordingly, because we find that the Reagan Tokes Act does not violate the separation of powers doctrine, appellant's third assignment of error is not well-taken.

10.

## IV. Conclusion

**{¶ 24}** On consideration whereof, we find the December 21, 2021 judgment of the

Lucas County Court of Common Pleas is affirmed.  Pursuant to App.R. 24, appellant is

ordered to pay the costs of this appeal.

Judgment affirmed.


A certified copy of this entry shall constitute the mandate pursuant to App.R. 27.
*See also* 6th Dist.Loc.App.R. 4.


Mark L. Pietrykowski, J.              _____
                                                              JUDGE

Thomas J. Osowik, J.

                                             _____

Myron C. Duhart, P.J.                               JUDGE
CONCUR.

                                             _____
                                                               JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.