[Cite as *State v. Brown*, 2026-Ohio-443.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
JEFFERSON COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

LAVOCNI JEROME BROWN,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
Case No. 25 JE 0011

---

Criminal Appeal from the
Court of Common Pleas of Jefferson County, Ohio
Case No. 24 CR 188

**BEFORE:**
Carol Ann Robb, Cheryl L. Waite, Mark A. Hanni, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. Jane M. Hanlin*, Jefferson County Prosecutor, for Plaintiff-Appellee and

*Atty. Edward F. Borkowski, Jr.*, for Defendant-Appellant.

Dated:  February 11, 2026

**Robb, J.**

{¶1} Appellant, Lavocni Jerome Brown, appeals the July 10, 2025 judgment issued by the Jefferson County Court of Common Pleas. In this judgment, the trial court accepted Brown's guilty pleas, convicted him of multiple criminal offenses, and sentenced Brown to prison.

{¶2} Brown argues on appeal he was denied the effective assistance of trial counsel because his attorney failed to file an affidavit of indigency and did not move the court to waive the mandatory fines for first-degree felonies. For the following reasons, we affirm.

<u>Statement of the Case</u>

{¶3} Brown was indicted in December of 2024 via a 30-page indictment. He was charged with 12 drug-related, first-degree felonies, including six counts of drug possession and six counts of trafficking. Each charge involved cocaine or fentanyl-related compounds. Each count had three attendant specifications for the forfeiture of an automobile in a drug case pursuant to R.C. 2941.1417(A), concerning three different vehicles. Each count also had six attendant specifications for the forfeiture of real property and identified six addresses of residences located in Steubenville, Ohio, which Brown allegedly owned at the time of the indictment. Counts 9-12 also carried a specification for the forfeiture of money, i.e., $6,540. Ten of the 12 counts included a major drug offender specification. (December 4, 2024 Indictment).

{¶4} Brown was arraigned in December of 2024. He entered a plea of not guilty, and bond was set at $1,000,000. There is no transcript of the arraignment in the record. The court's judgment states in part the "Defendant shall complete a financial investigation. The Court finds that the Defendant is indigent." This same judgment states the defendant appeared for the arraignment with two attorneys appearing on his behalf. The judgment does not indicate whether counsel was retained or appointed. (December 12, 2024 Judgment.).

{¶5} The online docket does reflect there was an "indigent fee" imposed on December 12, 2024 in the amount of $25. There is no corresponding filing explaining the fee or the court's statement in this regard.

**{¶6}** The next judgment issued by the trial court after a pretrial hearing indicates Brown appeared at that hearing with new defense counsel. This judgment likewise does not reflect whether counsel was appointed or retained. (December 17, 2024 Judgment.) There is no transcript of this hearing in the record. This attorney represented Brown for the remainder of the proceedings.

**{¶7}** After the exchange of discovery, Brown filed a motion to suppress asking the court to exclude evidence seized by police during a search of his residence. Brown's motion sought to exclude evidence obtained after a search of Brown's home located on Pennsylvania Avenue. The motion does not indicate whether Brown owned or rented this residence. (February 12, 2025 Motion.)

**{¶8}** The court set the case for jury trial and scheduled a hearing on the motion to suppress three days before trial. (April 1, 2025 Judgment.)

**{¶9}** On June 23, 2025, Brown executed a plea agreement in which he agreed to plead guilty to six of the twelve counts. In exchange, the prosecution agreed to move to dismiss the remaining six counts, and the parties agreed to jointly recommend a sentence ranging from 16 to 21.5 years in prison. Brown also agreed to forfeit three vehicles, a 2014 tan Cadillac CTS, a 2018 black Audi A6, and a 2020 black Chevrolet Suburban LT, and $6,540. (June 30, 2025 Guilty Plea & Sentencing Judgment.)

**{¶10}** The trial court proceeded to sentencing on that date and imposed the parties' recommended sentence. The June 23, 2025 hearing transcript shows the state reviewed the parties' agreement during the hearing and noted the defendant agreed to forfeit the three vehicles and $6,540. Brown withdrew his pending motion to suppress and entered guilty pleas to the six charges as outlined in the parties' agreement.

**{¶11}** During the hearing, the state noted it agreed not to seek forfeiture of "the parcels of real estate that are listed in the Indictment." (Tr. 5-6.) Defense counsel agreed with the state's recitation of the agreement and clarified an issue regarding the mandatory portion of the agreed sentence. (Tr. 7-9.)

**{¶12}** During the plea colloquy, the court verified Brown could read and write. Brown indicated he was 42 years old on the date of sentencing and had completed "some college." The trial court verified the defense and prosecution agreed that the real estate property forfeiture specifications were being withdrawn as part of the agreement. Thus,

Brown was not forfeiting the six listed parcels of real estate listed in the indictment. (Tr. 10, 16-18.)

**{¶13}** The court also reviewed the mandatory nature of the fine. The court stated: "This is a mandatory fine, isn't it? Mandatory half of - - half of the fine. F-1, it's a twenty-thousand-dollar fine, and with – and I think it's mandatory that I impose half of that." (Tr. 26.) The prosecutor agreed with the court, and then the court noted: "He's going to be in prison for a long time with the inability to pay now or in the future, apparently." (Tr. 26.)

**{¶14}** In response, defense counsel and the court had the following exchange:

[DEFENSE COUNSEL]: Yeah. There's going to be an obvious and complete inability to pay.

And the other thing that I want to make sure of is that even if there is a demand for payment, could that be taken . . . out of his access to commissary funds . . .

THE COURT: You're right. . . . That's where it gets sticky.

. . .

[DEFENSE COUNSEL]: I mean, I think given the sixteen-year prison sentence, it may become a moot point. But I still want to make sure that my client has access to commissary funds. If I need to file something in that regard, I can.

THE COURT: Yeah. I don't know . . . I don't run the prison system.

. . .

[DEFENSE COUNSEL]: . . . I've done that motion before, so if it comes up, I can file it.

THE COURT: Okay.

. . .

THE COURT: You understand all of that?

MR. BROWN: Yeah.

. . .

THE COURT: Okay. Any questions about the maximum penalties and fines?

MR. BROWN. No.

(Tr. 26-28.)

Case No. 25 JE 0011

{¶15} Brown appealed the trial court's sentencing decision.[1] Brown filed an affidavit of indigency in conjunction with his notice of appeal in the trial court. He separately moved for the preparation of transcripts at the state's expense and sought the appointment of appellate counsel. We granted both.

Ineffective Assistance of Trial Counsel

{¶16} Brown's sole assignment of error asserts:

"Appellant's counsel was ineffective."

{¶17} Brown asserts he was denied the effective assistance of trial counsel because his attorney failed to file a motion to waive the mandatory fine in light of his indigency established on the record. Brown also asserts his counsel was defective for failing to file an affidavit of indigency on his behalf.

{¶18} The state disagrees. First, the state points out the trial court imposed the minimum allowable fine. Additionally, the state asserts the record shows Brown was not indigent. Instead, it contends the record shows Brown owns at least six different homes, was capable of hiring retained counsel throughout the underlying proceedings, was only 42 years old at the time of sentencing, and has some college education. Thus, the state argues Brown will eventually be able to pay the $10,000 fine upon his release from prison. Thus, had the issue been contested, the state contends the trial court would have found Brown capable of selling his real property to pay the fine.

{¶19} The state also asserts in the event Brown is unable to pay his fine, he could file a postconviction petition for relief since evidence of his alleged indigence requires the examination of facts outside the record.

{¶20} To prevail on an ineffective-assistance of counsel claim, an appellant must demonstrate both that counsel's representation fell below an objective standard of reasonableness and that counsel's deficient performance resulted in prejudice. *Strickland v. Washington*, 466 U.S. 668, 687-688 (1984). The failure to establish either prong ends the inquiry. *Id.* To establish deficient performance, an appellant must show counsel made errors so serious that counsel was not functioning as the attorney guaranteed by the Sixth Amendment. And to establish prejudice, one must show his

---

[1] The trial court issued its sentencing decision on June 30, 2025 and issued a nunc pro tunc decision July 10, 2025.

counsel's errors were so serious as to deprive him of a fair trial. *Id*.; *State v. Bates*, 2020-Ohio-634, ¶ 24.

{¶21} Licensed attorneys in Ohio are presumed competent. *State v. Calhoun*, 86 Ohio St.3d 279, 289 (1999). In evaluating trial counsel's performance, appellate review is highly deferential because of the strong presumption counsel's conduct fell within the wide range of reasonable professional assistance. *Strickland* at 689. In fact, appellate courts are prohibited from second-guessing trial counsel's strategic decisions. *State v. Carter*, 72 Ohio St.3d 545, 558 (1995).

{¶22} R.C. 2929.18(B)(1), governing felony financial sanctions, states in part:

For a first, second, or third degree felony violation of any provision of Chapter 2925. . . . of the Revised Code, the sentencing court shall impose upon the offender a mandatory fine of at least one-half of, but not more than, the maximum statutory fine amount authorized for the level of the offense pursuant to division (A)(3) of this section. If an offender alleges in an affidavit filed with the court prior to sentencing that the offender is indigent and unable to pay the mandatory fine and if the court determines the offender is an indigent person and is unable to pay the mandatory fine described in this division, the court shall not impose the mandatory fine upon the offender.

(Emphasis added.)

{¶23} Thus, the court is prohibited from imposing the corresponding fine *if* the defendant files an affidavit of indigency before sentencing and *if* the court also determines the defendant is indigent and unable to pay. A plain reading of R.C. 2929.18(B)(1) shows both prongs must be met. *Id*. A sentencing court is required to impose a mandatory fine on an offender unless the offender establishes both. *Id*.

{¶24} As Brown contends, his trial counsel did not file the requisite affidavit in advance of his sentencing. Moreover, Brown's counsel did not move the court to waive the mandatory fines.

{¶25} The Supreme Court in *State v. Davis*, 2020-Ohio-309, set forth an appellate court's standard of review when addressing an ineffective assistance of trial counsel claim in a similar context. The *Davis* Court explained:

[A] court's finding of ineffective assistance of counsel depends on the facts and circumstances in each case. . . . [W]hen an indigent defendant makes an ineffective-assistance-of-counsel claim based upon counsel's failure to request a waiver of court costs, a reviewing court must . . . [when analyzing] the prejudice prong, . . . consider the facts and circumstances of the case objectively to determine whether the defendant established the necessary prejudice sufficient to support that claim—i.e., but for counsel's deficient performance, there exists a reasonable probability that the result of the proceeding would have been different. . . . " 'A reasonable probability is a probability sufficient to undermine confidence in the outcome.' "

(Citations omitted.) *Id.* at ¶ 1. *Davis* involved the waiver of court costs.

**{¶26}** In *State v. Cutlip*, 2022-Ohio-3524 (7th Dist.), we found that Cutlip's trial counsel was not deficient for failing to file an affidavit of indigency on his behalf in connection with an argument about the waiver of a mandatory fine. We explained the trial court proceeded as if counsel had filed the affidavit and nevertheless concluded Cutlip was *not* indigent in light of his ownership of a camper. The issue was thus addressed by the trial court on the merits. Accordingly, we found Cutlip was unable to demonstrate prejudice or that his counsel's performance was deficient. *Id*. at ¶ 127-136.

**{¶27}** Here, the indictments reflect Brown owned six different residences at the time of his indictment. The plea agreement excluded the forfeiture of these parcels, and thus, Brown did not forfeit the same as part of his plea. Brown's ownership of the six residences was not challenged during the underlying proceedings.

**{¶28}** Moreover, according to the state, Brown was capable of hiring retained defense counsel during the trial court proceedings. Thus, the state contends this establishes he was not indigent. Consistent with the state's argument, there is no indication that counsel was appointed to represent Brown during the trial court proceedings.

**{¶29}** There is likewise no evidence establishing Brown's income or showing he was indigent at the time of the trial court proceedings. The trial court's statement in the judgment issued after Brown's arraignment that Brown was indigent was made in isolation. It is not established by an affidavit of indigency or made in conjunction with the appointment of counsel.

**{¶30}** Regardless, whether a defendant is determined to be indigent for the purposes of appointed counsel is distinct from a determination of being indigent for purposes of paying a mandatory fine. *Cutlip* at ¶ 137. "[T]he appointment of trial counsel is not determinative of the defendant's ability to pay a mandatory fine after conviction." *Id. citing State v. Banks*, 2007-Ohio-5311, ¶ 15 (6th Dist.), and *State v. Young,* 2004-Ohio-4002, ¶ 16 (5th Dist.).

**{¶31}** Moreover, defense counsel did not object to the imposition of the mandatory fine and did not contend Brown was indigent at the plea and sentencing hearing. Instead, counsel's concerns were limited to Brown's access to funds during imprisonment for the commissary. Defense counsel could have objected to the imposition of the mandatory fine at the hearing and did not.

**{¶32}** As indicated, the state noted during the plea and sentencing hearing it agreed not to seek forfeiture of "the parcels of real estate that are listed in the Indictment." Ownership of the real estate was not discussed on the record, but it could be inferred the properties listed in the indictment were owned by Brown since they were identified in the indictment as subject to forfeiture and subsequently discussed during the plea hearing.

**{¶33}** Upon objectively considering the facts and circumstances of this case, a reasonable probability does not exist that the trial court would have granted a motion to waive the mandatory fine had one been filed. *State v. Davis*, 2020-Ohio-309. The record reflects that Brown owned six properties at the time of sentencing. Brown's sole assigned error lacks merit.

Conclusion

**{¶34}** In light of the foregoing, Brown's sole assigned error lacks merit, and the trial court's decision is affirmed.

Waite, P.J., concurs.

Hanni, J., concurs.

Case No. 25 JE 0011

---

For the reasons stated in the Opinion rendered herein, the assignment of error is overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Jefferson County, Ohio, is affirmed. Costs waived.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**